THE PEOPLE *ex rel.* Richard G. Montony

*v.*

THE CITY COUNCIL AND TREASURER OF THE CITY OF

ELGIN.

1.  SALARY OF JUDGE OF INFERIOR COURT—*common pleas of the cities of Elgin and Aurora.* The Common Pleas courts of the cities of Elgin and Aurora being inferior courts of record, within the meaning of the act of March 29, 1872, relating to the salaries of the judges of such courts, etc., and the law providing that one judge shall hold the court in both of such cities, such judge is not entitled to receive a salary of $1500 from each of said cities, but only that sum from both.

2.  MANDAMUS—*relator must show the right sought.* A party seeking to compel the performance of an act, must set forth every material fact necessary to show the plain duty of the respondent to act in the premises, before the court will interfere by *mandamus.* Thus, where a judge was entitled to receive a salary of $1500 per annum, from two cities, for holding courts therein, and sought, by *mandamus,* to compel one city to pay him the salary, but failed to show whether or not the other city had paid him such salary, it was *held,* that this court could not award a *mandamus* compelling the defendant city to pay him anything.

This was an application in this court by Richard G. Montony, the relator, against the city council of the city of Elgin and the treasurer thereof, for a *mandamus* to compel the payment of his salary as judge of the court of common pleas of the city of Elgin. It appeared, also, that it was his duty as judge to hold a similar court in the city of Aurora. The other facts are stated in the opinion.

Mr. RICHARD G. MONTONY, *pro se.*

Mr. JOHN W. RANSTEAD, for the respondents.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

By the fifth section of the act of the twenty-ninth of March, 1872, entitled an act to fix the salaries of certain officers, it is provided, that judges of inferior courts of record in towns

and cities having more than five thousand inhabitants, shall be allowed, and receive, in lieu of all other fees, the sum of $1500, to be paid out of the city or town treasury.

The petitioner alleges, and it is admitted by the answer of respondents, he is now, and has been, since the year 1863, judge of the court of common pleas of the cities of Aurora and Elgin; that the city of Elgin has a population exceeding in number five thousand, and, under the provisions of the statute cited, he claims that he is entitled to receive from the city of Elgin, as salary since the 1st day of July, 1872, $1500 per annum.

The single question is, whether petitioner is entitled to the sum of $1500 per annum as salary as judge of the court of common pleas of the city of Elgin, or whether he is only entitled to that amount as judge of the courts of both cities.

These courts were established by separate acts of the legislature, in the year 1857, and were, and still are, inferior courts within the meaning of the act of 1872. By an act amendatory of both acts creating these courts, passed in 1859, it was provided that one judge should hold both courts, and have all the powers and perform all the duties prescribed in each act, and he shall be elected by the voters of each city. Under the provisions of the latter act, petitioner was first elected judge of both courts in 1863, and was re-elected in 1871, for the term of four years.

It is urged, that under the acts establishing these courts, they are separate and distinct courts. This fact may be conceded. They are courts of record and each has its own clerk, only the sheriff of Kane county is the executive officer of both. In like manner the circuit courts of the several counties are distinct and separate. But it does not follow that the office of judge of these city courts is necessarily two offices. We do not think the act which authorized the election of one judge for both courts, will bear any such construction. The more reasonable view is, it is but one office, like that of judge of the circuit courts of the several counties comprising

his judicial circuit.   The act provides but for one judge and one office.

By the provisions of the act of 1859, the judge of these courts was to receive the same salary out of the State treasury as was then paid to circuit judges.   It would be absurd to hold, because the courts in the two cities were distinct, the judge should receive the salary of two circuit judges.   It never entered the mind of any one to so construe that statute, but such a construction is not more unreasonable than the one insisted upon.

Petitioner is judge of both courts and is entitled to the salary of one judge as fixed by statute.   In this instance, being a judge of an inferior court in a city whose population exceeds five thousand, he is entitled to receive a salary at the rate of $1500 per annum, and no more.   Whether petitioner has received any portion or the whole of the salary now due, out of the city treasury of Aurora, does not appear from anything in the record.

In *Hall* v. *The People ex rel.* 57 Ill. 316, it was said, the party that seeks to compel the performance of an act, must set forth every material fact necessary to show it was the plain duty of the party against whom the remedy is sought, to act in the premises, before the court will interfere by a writ of *mandamus*.   This, petitioner has not done.   For aught that appears he may have received the entire amount of his salary to which he is entitled under the law, from the city of Aurora.   If so, he is entitled to nothing more from the city of Elgin.

Upon the question of what proportion of the judge's salary each city shall pay, or in case one city has or shall pay the entire amount, whether it can demand of the other contribution, we express no opinion.   These questions are not involved in the decision of the present case.

Petitioner makes no case that would authorize the court to issue a writ of *mandamus*, and it is accordingly denied.

*Writ denied.*