## THE TRUSTEES OF SCHOOLS

*v.*

## THE PEOPLE *ex rel.* ABRAHAM TRAVIS.

SCHOOL DISTRICTS—*forming new ones.* The trustees of schools have no discretion to form, or refuse to form, a new district when it embraces at least five families, and when the law is complied with in applying for the formation of the same, but they are bound to give effect to the will of the voters as expressed in their petition, and if they refuse to grant such petition, when made according to law, the courts will compel them, by *mandamus*, to do so.

APPEAL from the Circuit Court of Macoupin county; the Hon. CHARLES S. ZANE, Judge, presiding.

Mr. WILLIAM H. SNELLING, and Messrs. RINAKER & KEP-LINGER, for the appellants.

Mr. F. H. CHAPMAN, and Mr. W. R. FRENCH, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

Appellee and others, residents of township 10 north, in range 6 west, and in township 9 north, in range 6 west, petitioned for the formation of a new school district. The petition, in every particular, conformed to clause 3, of section 33, of the school law, (R. S. 1874). On the presentation of the petition to the trustees of schools in township 9, they granted the prayer of the petition, but the trustees of township 10 declined to grant the prayer. Thereupon appellee filed his petition for a *mandamus* to compel the trustees to pass an order erecting the district. The trustees first filed a demurrer thereto, but being overruled, they then filed their return, and, amongst other things, deny that the petition was signed by all of the legal voters of the territory proposed to be erected into a new district, and allege that one of the boundary lines thereof would

pass within less than one mile of a school house; that the formation of the new district would not promote the interest of education, would be injurious, and greatly increase the expense of the schools; nor was the district needed by the inhabitants of the portion of territory proposed to be detached from township 10.

A replication was filed to so much of the answer as denied that the petition was signed by the legal voters residing in the territory proposed to be erected into the new district, and that its lines would run within one mile of a school house. A demurrer was sustained to the other portions of the return. A trial was had by the court, a jury having been waived by consent of parties. The issues were found for petitioners, and an order was entered that the trustees grant the relief asked.

The provision of the statute under which this controversy arises, is this: " Upon petition of all the voters in any territory containing not less than five families, representing that they are not properly accommodated with school privileges, but will be by being added to another district, or formed into a new district; and upon petition of a majority of the voters of such other district, if any, it shall be the duty of the trustees of the township or townships in which such territory or territory and district, are situated, to set off such territory : *Provided,* that such change shall not be made, when the district from which the petitioners desire to be severed has a bonded debt, nor when the new district line will be brought nearer than one mile to any school house."

It is contended that the trustees have a discretion to form or refuse to form a new district, and in exercising the power they must be governed by the best interests of the schools of the township. From a careful study of the language of this provision of the law, we fail to find that such was the design of the law makers. On the contrary it is so worded as to exclude all discretion. It seems to give the entire power to the voters of the proposed new district when it embraces at

least five families, and all the voters therein join in the petition. When they comply with the law, the trustees are duly empowered, and they are expressly required to record the will of the voters. Whilst it may be seriously doubted whether the enactment will be productive of the anticipated benefits, still, that is not a question for our consideration. We can only determine the intention of the law giver, and apply it to the facts as they may arise.

If the language was doubtful, then we might construe it, but we see no doubt. It does not, in terms, or by implication, provide that the trustees may hear evidence, or, may consider whether it would be proper or expedient. But it is made the duty of the trustees to set off the district. The command is express and peremptory. It is urged that this court has, in former decisions, held that the power is discretionary. But counsel seem to forget that those were decisions under very different laws, and our previous decisions have been wiped away by this enactment; that in this it has designedly, no doubt, changed the entire policy of the system, from discretion to obedience to the requirement of the requisite number of voters, when they comply with the law. The trustees may see, and it is their duty to know before they act, that the petition conforms to the law, and is true.

This petition states all of the requisite facts, and negatives the cases specified in the statute, and it appears that the facts alleged in the petition are true, and the trustees should have passed an order allowing the prayer. The judgment of the court below must be affirmed.

*Judgment affirmed.*