THE PEOPLE *ex rel.* Robert Hillard *et al.*

*v.*

CHARLES A. DAVIS *et al.*

1. MANDAMUS—*practice when petition is defective.* The petition under the statute takes the place of the alternative writ of *mandamus*, and defects in it are to be taken advantage of as they were when they were found in the alternative writ, and this is at any time before granting of the peremptory writ.

2. SAME—*what the petition must show.* A petition for a *mandamus* must show on its face a clear right to the relief demanded by the relator. He must distinctly set forth all the material facts on which he relies, so that the same may be admitted or traversed.

3. SAME—*discretion in refusing.* The court exercises a discretion in granting or refusing a writ of *mandamus*, and if the right be doubtful, it will be refused.

4. SAME—*to compel the taking of steps to open a road.* A petition for a *mandamus* to compel the commissioners of highways to take the necessary and proper steps to open a highway, laid out on appeal by three supervisors, ought to state whether the highway was legally laid out, by averment of facts, so that an issue can be formed thereon, and it should describe the same so that it can be found by the description.

5. HIGHWAY—*sufficiency of description.* Where a petition for a *mandamus* against commissioners of highways to compel them to levy a tax to pay the damages allowed on laying out a public highway, and to open the same, described the road as on the center section line of the township of Oswego, it was held that the description was too uncertain to authorize the relief sought.

This was a petition filed in this court for a *mandamus* to compel the respondents, as commissioners of highways of the

134          THE PEOPLE *ex rel. v.* DAVIS *et al.*      [Sept. T·

Opinion of the Court.

town of Oswego, in Kendall county, to levy a tax to pay the damages assessed on the laying out of a highway by three supervisors on appeal, in said town, and take all necessary steps to lay out and open the road.

The defendants answered the petition, and to the answer the relators demurred.

Mr. B. F. HERRINGTON, and Messrs. LELAND & GILBERT, for the relators.

Mr. E. F. BULL, Mr. A. B. SMITH, and Mr. P. G. HAWLEY, for the respondents.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Without considering the objections taken to the respondents' answer, we think it sufficient for the present to refuse the peremptory writ, because of a vital defect in the petition.

The petition, under the statute, takes the place of the alternative writ, and defects in it are to be taken advantage of as they were when found in the alternative writ. *People* v. *Glann*, 70 Ill. 232.

It was the common law rule that defects in substance could be taken advantage of at any time before the granting of the peremptory writ,—even after return made. *Bank of Albany* v. *Canal Commissioners*, 10 Wendell, 26; *The King* v. *The Margate Pier Co.* 3 Barn. & Ald. 224 (5 Eng. Common Law, 266.)

The petition must show on its face a clear right to the relief demanded by the relator. He must distinctly set forth all the material facts on which he relies, so that the same may be admitted or traversed. *Canal Trustees* v. *The People*, 12 Ill. 254; *The People* v. *Glann, supra; Springfield and Ill. S. E. Ry. Co.* v. *County Clerk*, 74 Ill. 31.

The court exercises a discretion in granting or refusing the writ, and if the right be doubtful it will be refused.

Whether there was a highway, legally laid out, should have been stated by averment of facts in such a way that an issue could have been formed thereon.

What acts were done to lay out a highway are not stated in the petition; nor is there any highway claimed to have been laid out, so described that it could be found by the description. The only description given is, "that the location of said public road is on the center section line of the township of Oswego." Whether this line is one running through the township from north to south, or from east to west, it is impossible to tell. Either direction conforms to the description.

The *mandamus* is refused.

*Mandamus refused.*