## TRUSTEES OF SCHOOLS, T. 27, N. R. 13, W. OF 3 P. M.
### v.
## WILSON S. KAY.

1. TRUSTEES—SETTING OFF SCHOOL DISTRICT—MANDAMUS.—Under the third clause of section 33 of the school law, as amended by the act of 1879, it was discretionary on petition to the trustees to set off territory from one district to another, and therefore they could not be compelled to do so by mandamus.

2. FORMER OPINIONS NOT IN POINT.—That the opinions of the Supreme Court to the contrary arose under the statute of 1874, and are not in point.

APPEAL from the Circuit Court of Iroquois county; the Hon. FRANKLIN BLADES, Judge, presiding.    Opinion filed December 21, 1880.

Mr. M. B. WRIGHT, for appellant; that where an inferior tribunal has a discretion and exercises it, the court has no jurisdiction to control it by mandamus: The People v. Curyea, 16 Ill. 547; High on Extraordinary Remedies, Sec. 325; The People v. Forquier, Breese, 104; County of St. Clair v. People, 85 Ill. 401; People v. LaSalle County, 84 Ill. 307.

A party applying for a writ of mandamus, must show a clear right to the relief sought, and that he has no other adequate remedy: People v. Huntoon, 71 Ill. 536; People v. Foss, 88 Ill. 141; People v. Chicago, 53 Ill. 424; School Inspectors v. Grove, 20 Ill. 532; People v. Wiant, 48 Ill. 263.

When the writ is to enforce a public right, or to compel the performance of a public duty, the people are regarded as the real party: County of Polk v. the State, 11 Ill. 202.

A writ of mandamus will not be awarded, except where the right of the relator is clear, and the party sought to be coerced is bound to act: The People v. Hatch, 33 Ill. 9; The County of St. Clair v. The People, 85 Ill. 396; The People v. Lieb, 85 Ill. 485; The People v. C. & A. R. R. Co. 55 Ill. 95; The People v. Foss, 88 Ill. 141.

Messrs. KAY & EVANS, for appellee; that the trustees have no discretion under the third clause of section 33, cited The Trustees of Schools v. the People, 76 Ill. 621; School Trustees v. The People, 71 Ill. 559.

As to the right of the relator to present the petition: The Village of Glencoe v. The People, 78 Ill. 382.

PLEASANTS, J.   Petition by appellee filed Nov. 4, 1879, for mandamus to compel the trustees to set off territory from one district to another, under the 3d clause of the 33d section of the school law of 1877.   Hurd's R. S. 1877, p. 900.

A demurrer thereto was overruled and the writ awarded.

The clause referred to requires a petition of two thirds of

all the voters in the territory desiring to be set off, while the others providing for changing the boundaries of school districts and creating new districts in other cases, require a petition of only a majority. By the sixth clause of said section discretionary powers are granted to the trustees " in the matter of changing the boundaries of school districts, and in creating new districts, when petitioned by a majority of the legal voters to do so," which therefore did not apply to proceedings under the third clause.

But the act of 1879 (Laws of 1879 p. 287), amending said section in several particulars, which the circuit court and counsel seem to have overlooked, extends this grant of discretionary power to the trustees in the matter aforesaid, " when petitioned as hereinbefore provided," thus reaching the proceedings under the third clause, as well as the others. Mandamus therefore would not lie, and the demurrer should have been sustained. The People, *ex rel.* v. The Board of Supervisors of LaSalle County, 84 Ill. 307 ; County of St. Clair v. The People, 85 Ill. 401; Hildreth v. Heath et al. 1 Bradwell, 85–6.

The case of the Trustees of Schools v. The People, 76 Ill. 621, arose under the act of 1874, which was mandatory, and is not in point.

The judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.