Reversed and remanded.

# BOARD OF SUPERVISORS OF MADISON CO.

## V.

## THE PEOPLE, ETC.

1. RIGHT TO PEREMPTORY WRIT OF MANDAMUS.—The right of the party asking for a peremptory writ of mandamus must be unquestionable.

2. ROADS AND BRIDGES—PETITION UNDER SECTION 110 OF STATUTE.— The county board is not required to grant the prayer of a petition based on section 110 of the act of 1879, entitled, " An act in regard to roads and bridges in counties under township organization," until the town has provided for one half of the fund necessary to construct the bridge as provided by the statute. It was error in the court below not to carry back the demurrer to the amended answer to the petition for a mandamus.

ERROR to the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding. Opinion filed April 6, 1885.

Mr. GEORGE F. McNULTY, for plaintiffs in error; that the right of the party claiming the writ of mandamus must be clear and certain, absolute and positive, perfect and complete, cited High on Extraordinary Legal Remedies; People v. Solomon, 46 Ill. 415; Silver v. The People, 45 Ill. 225; McBane v. People, 50 Ill. 503; People v. Mayor, etc., 51 Ill. 19; Springfield & Ill. S. E. Ry. Co. v. County Clerk, 74 Ill. 27; County of St. Clair v. The People, 85 Ill. 396; People v. Lieb, 85 Ill. 484; People v. Town of Clayton, 88 Ill. 44; People v. Lafayette, Bloomington & Mississippi Ry. Co., 88 Ill. 202; People v. Village of Crotty, 93 Ill. 180; People v. Davis, 93 Ill. 133.

The town must first provide for one half of the necessary funds before the board of supervisors are bound to make an appropriation: Supervisors v. People, 110 Ill. 577; Supervisors v. People, 12 Bradwell, 210.

Mr. JOHN G. IRVIN and Mr. ALEXANDER W. HOPE, for defendant in error; cited People v. Bd. Sup. Iroquois Co., 100 Ill. 640; People v. Bd. Sup. McHenry Co., 111 Ill. 93; Town of New Boston v. Bd. Sup. Mercer Co., 110 Ill. 197; Bd. Sup. Will Co. v. People, 110 Ill. 511; Bd. Sup. Stark Co. v. People, 110 Ill. 597.

CASEY, P. J. The defendants in error filed their petition for a writ of mandamus against the plaintiffs in error in the Circuit Court of Madison county. The object of the proceeding was to compel the plaintiffs in error to make an appropriation of the sum of $1,500, to aid in the construction of a bridge across Wood river, in said county. An answer was filed to the petition, to which a demurrer was filed, and the demurrer was sustained by the court. The cause was then heard upon the petition, and a peremptory writ of mandamus awarded against the defendant. The case is brought to this court by a writ of error. The errors assigned are:

Board of Supervisors of Madison Co. v. The People.

1. The court erred in sustaining the demurrer to the amended answer.

2. The court erred in not carrying back the demurrer to the petition filed by defendants in error, and in not declaring the same insufficient in law.

3. The court erred in deciding the amended answer insufficient.

4. The court erred in awarding a peremptory writ of mandamus.

The petition shows that the defendants in error presented to the plaintiffs in error a petition, praying for an appropriation of $2,500 on the second day of September, 1882. That afterward, on the fourth day of December, 1882, the plaintiffs in error made an appropriation of one thousand dollars for the purpose of aiding in the construction of said bridge. This proceeding is based on section 110 of the act of 1879, entitled "An act in regard to roads and bridges in counties under township organization," in force July 1, 1879. Session Laws of 1879, page 281.

The section referred to provides that when it shall be necessary to construct or repair any bridge in any town, or to build a bridge over any stream, between towns, or over streams on roads between towns in the same counties, which would be an unreasonable burden to the same, the cost of which will be more than can be raised in one year by ordinary taxes for bridge purposes in such towns or one of such towns, the commissioners of highways of either town desiring to build such bridges, shall present a petition to the county board of the county in which such town or towns are situated, praying for an appropriation from the county treasury to aid in the building, constructing or repairing of such bridge, and such county board shall, when one half of the necessary funds have been provided for by the town authorities, or each or both of such towns, appropriate the other half, etc., etc.

The petition presented by the plaintiffs in error is in substance as follows: That the said relators are the commissioners of highways of said township, and that their predecessors in office, on the 12th day of September, A. D. 1882, presented to

the board of supervisors of said county, then in session at the court house in Edwardsville, a petition in words and figures as follows, to wit:

"To the County Board of the county of Madison in the State of Illinois: The undersigned, commissioners of highways of the town of Wood River, in said county, would respectfully represent that a bridge needs to be built over the Wood river where the same is intersected by the highway leading from Upper Alton to Emerald in said town; that the total cost of building said bridge will be five thousand dollars ($5,000) which would be an unreasonable burden to said town, and more than can be raised in one year by ordinary road taxes therein, the amount raised by such taxes being only about thirty-two hundred dollars, out of which must this year be expended not less than one thousand dollars ($1,000) on account of bridge over Wood river on the line of the Upper Alton and Greenville road, besides numerous minor expenses for small bridges and culverts, wherefore the said commissioners of highways hereby petition you for an appropriation of $2,500 from the county treasury of said county to aid in building said bridge.

REINHOLD RATSCH,<br>JAMES M. KENDALL,<br>JOHN T. BROWN,<br>Commissioners of highways.

Dated at Upper Alton, Ill., this 2d day of September, A. D. 1882.

To this petition an answer was filed, in which it was denied that any petition had been presented to, or filed with the plaintiffs in error, praying for such appropriation as alleged in the petition for a mandamus, and that no such petition by the said commissioners of highways had been referred to the committee on roads as alleged, or that any report of such petition had been made as averred in the petition for the writ of mandamus.

The answer does not specifically deny or reply to each allegation in the petition, but it does deny, as we have seen, material allegations in the petition that must be shown by the evi-

Board of Supervisors of Madison Co. v. The People.

dence on the trial, and is therefore not subject to demurrer. As to those allegations not answered, they may be taken as admitted. The court erred in sustaining the demurrer to the answer.

It will be seen that the board of supervisors were required by the statute to make the appropriations when one half the sum required had been raised or appropriated by the town. There is nothing in the petition to show that such a state of facts existed, and neither was there any proof upon the hearing or notice of any kind given to the plaintiffs in error, that the town had made the appropriation as required by the statute.

The right of the party asking for a peremptory writ of mandamus must be unquestionable. That this is the settled law is beyond controversy. Selm v. The People, etc., 45 Ill. 225; County of St. Clair v. The People, etc., 85 Ill. 396; People etc., v. The Town of Clayton, 88 Ill. 44; People, etc., v. Davis, 93 Ill. 133.

The board of supervisors are not bound to make the appropriation until one half the necessary funds have been raised or have been provided for by the town authorities. This is a condition precedent for the protection of taxpayers of the county. Unless the public necessity is such that the town authorities are willing to incur the burden of one half the expense, the burden of the other half can not be imposed on the taxpayers of the county.

The town must act through its constituted authorities and provide for one half of the necessary funds; that is, the town authorities must have the necessary amount of money, or they must have taken such steps, legally, as to make it absolutely certain that they will be ready to make payment for the construction of the bridge when required.

It is not alleged in the petition that the town had the money, or had taken any steps to procure the necessary funds, and neither does the proof show that any tax had been levied from which the money might be raised, and no vote of the town had been taken for the purpose of raising the money as required by the statute. The county board is not

required to grant the prayer of the petition until the town has provided for one half of the fund necessary to construct the bridge as provided by the statute. Supervisors of Kendal Co. v. The People, etc., 12 Bradwell, 210; Supervisors of Stark Co. v. The People, etc., 10 Bradwell, 110; The Town of New Boston v. The Board of Supervisors, etc., of Mercer Co., 110 Ill. 197.

In view of the statute and the authorities referred to, we think it clear that the demurrer to the amended answer should have been carried back, and sustained to the petition for a mandamus. We see no propriety in discussing other errors assigned. For the reason given the judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.