# THE TRUSTEES OF SCHOOLS

*v.*

# THE PEOPLE *ex rel.* William M. Duffy *et al.*

*Filed at Springfield September 27, 1887.*

1. SCHOOL LAW—*formation of new district out of several others.* A petition for the formation of a new school district out of three or more school districts, and the affidavits in support thereof, showing that the territory taken from two of the districts will not leave either of them with less than twenty families, nor with taxable property of an assessed value less than $50,000, and as to the third district, that the whole of it will be taken, leaving no part thereof, will be sufficient; and if refused, the granting of such petition will be enforced by *mandamus.*

2. MANDAMUS—*petition not aided by affidavits.* Upon demurrer to a petition for a *mandamus,* the petitioner's right to the relief sought will depend upon the allegations of the petition, and not upon the fact whether the affidavits filed in support thereof are sufficient to sustain the petition.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Tazewell county; the Hon. T. M. SHAW, Judge, presiding.

Mr. C. E. CRAFTS, for the appellants:

*Mandamus* is never awarded unless the right of the relator is clear and undeniable, and the party sought to be coerced is bound to act. *People* v. *Glann,* 70 Ill. 232; High on Extraordinary Remedies, p. 32, sec. 32, and p. 34, sec. 36.

The writ will not be granted where there is any substantial defect in the proof of the relator's right, (High on Extraordinary Remedies, pp. 35, 36, sec. 39,) or in the allegation of the facts thereof. *People* v. *Glann,* 70 Ill. 232.

The proofs fail to show there will be left in the parts of the districts not taken, not less than twenty families, and taxable property of not less than $50,000.

The averment in the petition of relators in reference to the filing of the affidavit showing the number of legal voters re-

siding in the territory not taken, being merely a conclusion of the pleader, fails to show the existence of the condition, which is necessary.   *People* v. *Glann,* 70 Ill. 232.

Mr. B. S. PRETTYMAN, for the appellees :

Where a petition, with proper averments, uncontroverted, is presented, "the trustees shall grant the petition, and shall organize said territory into a school district." They have no discretion, and the court will compel them to grant the prayer by *mandamus.*   Starr & Curtis, p. 2214, sec. 34; *Trustees of Schools* v. *People,* 76 Ill. 621.

Appellants, by their demurrer, admit the truth of the averments of the petition for *mandamus,* and in their brief they say the material facts necessary to bring themselves within the provisions of the law are therein alleged by appellees.   These averments are well pleaded in the record, are consistent and true, and sufficient in law, and there was no error in overruling the demurrer.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court :

This was a petition for a writ of *mandamus,* to compel the formation of a new school district, under section 1 of the act of June, 1883, (Starr & Curtis, p. 2214, sec. 34,) which provides : "That when the people in any territory, lying in three or more school districts and in three or more townships, which territory has not less than four hundred inhabitants, shall petition the trustees of the township or townships in which the districts affected lie, to organize said territory into a school district, the trustees shall grant the petition, provided the petition shall be signed by not less than two-thirds of the legal voters residing in said territory :   *Provided, also,* that the petition or petitions for such new district shall be presented to the trustees, and notice of them given to the directors of the districts affected,.

etc.: * * * *Provided, further,* that in the formation of a new district under this act, territory shall not be taken from any existing district so as to leave it with less than twenty families residing within that part of the district not taken, nor with taxable property of an assessed value of less than fifty thousand dollars, ($50,000,) as ascertained by the last assessment for State and county taxes previous to the presentation of the petitions for the new school district." The petition sets forth that their prayer for the formation of the school district was granted by two of the boards of trustees of the townships lying in two of the school districts, and was refused by the defendants, the trustees of the townships lying in the other school district. The writ is asked for as against the latter, to compel them to grant the prayer of the petition, and unite and concur with the other boards of trustees in such respect. The court below overruled a demurrer to the petition, and ordered a peremptory writ of *mandamus* to issue, and the defendants appealed.

It appears to be conceded that the petition for the writ, and the petitions set forth as presented to the several boards of trustees, contain all the requisite facts, under the statute, for the formation of the new school district asked for; but, as the relators aver, in their petition, that with the petitions filed by them with the several boards of trustees, they filed a certificate of the county clerk and an affidavit of facts, and attach copies of the same as exhibits to this petition, it is said such exhibits are made a part of this petition, and it is objected that the material facts averred in the petition are not sustained by the said proofs filed with the petition. We do not think that this objection is tenable. Upon demurrer to a petition, we think the question which is to be considered is, whether the allegations of the petition entitle to the relief asked, and not whether proof of the facts alleged is made by the affidavit which may be filed in support of the petition. As here, the affidavit filed does not state that the signers of the petition are legal voters of the territory asked to be formed into the new school district;

but the petition represents them to be two-thirds of the legal voters residing in the territory, which we regard as sufficient.

The only further defect of proof pointed out is, that it does not show that territory will not be taken from any of the existing school districts so as to leave either of them with less than twenty families, nor with taxable property of an assessed value less than $50,000. The affidavit does state this with regard to two of the school districts, and as to the remaining one says that the whole of it will be taken, so that there will be no part of it left, of which to predicate the statement. The petition itself does expressly aver that there will not be left of either of the three existing school districts a part with less than twenty families, or taxable property less than $50,000. We regard the petition, of itself, as sufficient, and the demurrer as properly overruled. That the writ of *mandamus* will lie against the trustees of schools, in such case, was decided in *Trustees of Schools* v. *The People,* 76 Ill. 621.

The judgment will be affirmed.

*Judgment affirmed.*