THE PEOPLE *ex rel.* ADAM RINARD

*v.*

THE TOWN OF MOUNT MORRIS.

*Filed at Springfield, May 8, 1893.*

1. MANDAMUS—*essentials of petition.* It is a familiar rule of universal application to a proceeding by *mandamus*, that the petition must set forth distinctly all the material facts on which the relator relies, so that the same may be traversed or admitted. It must set forth a clear right on the part of the relator to have the act performed, and set forth every material fact, showing it is the duty of the persons sought to be coerced to do the act. The sufficiency of the petition depends upon its averments, and not upon affidavits filed in its support.

2. SAME—*to compel town auditors to allow a claim.* A petition for a *mandamus* to compel the board of town auditors to audit and allow the relator's claim against a town, which fails to show the presentation of the claim to such board of auditors, or their refusal to audit the same, is defective in substance and insufficient.

3. SAME—*defects in petition—how taken advantage of.* Under the former practice, in proceedings for *mandamus*, the defendant's return to the alternative writ corresponded to the answer to the petition under the present practice. Under the present statute the petition takes the place of the alternative writ, and defects therein are taken advantage of in the same manner as defects in the alternative writ were formerly reached.

4. Substantial defects in a petition for *mandamus* may be taken advantage of at any time before granting the peremptory writ. Where under the former practice the return to the alternative writ controverted no facts alleged in the writ, the return was held to have the effect of a demurrer only.

5. SAME—*answer treated as a demurrer.* Where there is no issue of fact made by the pleadings, upon which the determination of the right of the relators to the peremptory writ depends, the answer will be treated as a demurrer to the petition, and the right to the writ will depend upon the sufficiency of the petition on its face.

6. SAME—*petition in the form of a bill in chancery—prayer for general relief.* Where the petition for a writ of *mandamus* is in the form of a bill in chancery, with a general prayer for relief, and fails to show a right in the relator, and refusal of the defendant to act as sought to be coerced, it will be subject to demurrer.

This is a petition filed in this court by Adam Rinard against the town of Mt. Morris, and the town auditors of

such town, praying for a writ of *mandamus* to compel the defendants to perform the acts named in the opinion of the court.

Messrs. SANDERS & BOWERS, for the petitioners.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This is an original proceeding for *mandamus*. Leave was given to file the petition at the January term, 1892, and a summons ordered returnable to the following June term. The respondents answered to that term, and to this the petitioner filed a replication. The case was continued to the January term, 1893, and taken on the petition, answer and replication. The petition alleges "that on, to-wit: the 3d day of May, 1875, said town of Mount Morris, by its proper officers, made, executed and delivered its twenty-five thousand dollars in town bonds, in payment of a subscription voted by the people of said town in aid of the Chicago and Iowa Railroad Company, under authority of an act of the General Assembly of the State of Illinois, entitled: 'An Act to Incorporate the Chicago and Iowa Railroad Company,' approved March 30, A. D. 1869.

"Relator further shows unto your Honors, that he is the owner and holder of three of said bonds, numbered 48, 49 and 50, each for the sum of $500, due May 3, 1885, bearing interest at the rate of 10 per cent per annum. That said bonds are each *fac simile* of each other, save as to numbers of the bonds, and that a copy of bond No. 48 is filed herewith, made part hereof, marked Exhibit 'A'.

"Relator further represents unto your Honors, that said bonds have been adjudged by this honorable court to be valid and subsisting obligations of the town of Mount Morris, and that by the terms of the law in force at the time when said bonds were issued it became and was the duty of said town, through its proper corporate authorities, to provide for taxation for the payment of the interest due on said bonds, and for the principal as the same matured; that,

notwithstanding this fact, said town and its corporate authorities have hitherto wholly neglected and refused to make any provision whatever for the payment of said indebtedness; that because of the failure and refusal of said town and its officers to make any provision for the payment of said bonds and interest thereon, as aforesaid, formal demand has been deemed necessary for the payment of these bonds and accrued interest.

"Relator, therefore, avers that, through his agent, John Wheeler, formal demand was made for the payment of the principal and accrued interest, amounting July 1, 1891, to $2,425, upon R. S. Marshall, the supervisor, and William Miller, the treasurer of Mount Morris township, Ogle county, Illinois, the defendants herein, on the 8th day of July, 1891, all of which will more fully appear by reference to the return of John Wheeler, hereby attached to and made part of relator's petition, and marked Exhibit 'B' ".

Then follows the prayer for the writ of *mandamus* which will be noticed hereafter.

The answer is awkwardly drawn, and a considerable portion of it rather in the nature of an argument, than a response to the allegations of the petition. The following statement therein is, however, pertinent to the question before us:

"Defendants would say, the said petitioner is not a party to whom our town is indebted, so far as we are, or have been, advised in any other way or at any other time than by proceedings had in your Honor's court. Neither are we advised of the nature or amount of the said plaintiff's claim, as we have not had access to the court record or been advised of the contents of the amended petition, either by inspection or copy thereof. The said claim therein set forth has never been by the plaintiff or any other party presented to us for audit and allowance, to the best of our knowledge, recollection and belief, and until it is so presented to us for audit, do not think this court can entertain the said

plaintiff's petition, neither can it know that there is a necessity for its action, the nature of our defense, or the amount of our set-offs, if any, as from the plaintiff's default in presenting it to us first for audit, it must of necessity, in the condition it comes before you, be in a state of non-liquidation.''

The replication is substantially a reiteration of the allegations of the petition, and wholly fails to meet the foregoing statement in the answer, except to repeat that a demand was made for the payment of said bonds, as stated in the petition. That demand, as shown by the written copy thereof, made an exhibit to the petition, was simply a demand on the supervisor and treasurer of the town of Mount Morris, for payment of said bonds, and interest, and a statement that payment thereof was refused by those officers.

Under the former practice in proceedings for *mandamus*, the defendant's return to the alternative writ corresponded to the answer to the petition under the present practice. *Silver* v. *The People*, 45 Ill. 224.

The petition under the present statute takes the place of the alternative writ, and defects therein are taken advantage of in the same manner as defects in the alternative writ were formerly reached. *People* v. *Davis*, 93 Ill. 133; *Same* v. *Glann*, 70 id. 232; *Dement* v. *Rokker*, 126 id. 174. And it has been held that defects in substance in the petition may be taken advantage of at any time before granting the peremptory writ. *Dement* v. *Rokker*, *supra*.

Where, under the former practice, the return to the alternative writ controverted no fact alleged in the writ, the return was held to have the effect of a demurrer only. *The People* v. *Miner*, 46 Ill. 384; *The Same* v. *Saloman*, id. 333. And so here, the answer must be treated merely as a demurrer to the petition, there being no issue of fact made by the pleadings, upon which the determination of the right of the relator to the peremptory writ prayed for

depends. The question therefore is, does the petition upon its face show that the relator is entitled to a peremptory writ as prayed? It will be observed that the allegations therein are very meager. The charge is that "it became and was the duty of said town, through its corporate authorities, to provide, by taxation, for the payment of said bonds," and the only omission of duty alleged against these authorities is that they "have wholly neglected and refused to make any provision whatever for the payment of said indebtedness," and the allegation as to a demand is as shown above, for payment from the supervisor and treasurer of the town. Nothing whatever is said as to the presentation of the bonds to the board of auditors, or their refusal to audit the same, and yet the writ prayed for is against "the town auditors of said town, namely the supervisor of said town, the town clerk of said town, and the justices of the peace of said town, who are each made defendants to this petition, and also their successors in office requiring them to meet as such auditing board of said town of Mount Morris at their next session or semi-annual meeting, as required by law, and audit and allow the aforesaid bonds issued as aforesaid, and interest thereon as specified in the bonds, and the costs of this proceeding as a judgment or debt against said town, and when so allowed to certify the amount of the same to the county clerk of Ogle county, Illinois, for extension upon the tax books of the county, and the collection of the same and, also, that they file with the town clerk of said town their certificate of their allowance of the amount for the payment of said bonds and interest and cost of this *mandamus* proceeding, which petitioner asks may be adjudged against said defendants, and collected and paid to the relator or his attorney of record, and grant unto relator such other and further relief as shall seem meet and proper to your Honors, and as in duty bound will ever pray, etc."

It thus appears that a writ is asked to compel the doing of a thing which the allegations of the petition wholly fail

to show it was the duty of the board of town auditors to perform, or which they have neglected or refused to do, or which they have been called upon by the relator to perform.

It is a familiar rule of universal application to proceedings of this kind, that the petition must set forth distinctly all the material facts on which the relator relies, so that the same may be traversed or admitted. *People* v. *Glann, supra; Springfield and Illinois S. E. R. R. Co.* v. *Wayne County Clerk,* 74 Ill. 27; *Swigert* v. *Hamilton Co.,* 130 id. 538; *Illinois and Michigan Canal Trustees* v. *People,* etc., 12 id. 248. It must set forth a clear right on the part of the relator to have the act performed, and set forth every material fact, showing that it is the duty of the persons sought to be coerced, to perform that act. *Swigert* v. *Hamilton, supra; People* v. *Elgin,* 66 Ill. 507. The sufficiency of the petition depends upon its averments, and not upon affidavits filed in its support. *School Trustees* v. *People,* 121 Ill. 552. It is clear, under the foregoing authorities, that this petition wholly fails to show that the relator is entitled to the writ prayed for. Admitting every fact set forth in it, the board of auditors of the town of Mount Morris have failed to perform no duty which they have been called upon to perform. The petition is rather in the nature of a bill in chancery, with a general prayer for relief, than a petition for a peremptory writ of *mandamus.* Had a formal demurrer been presented to it, as should have been done, there would have been no question as to the result. As the case is now presented, there being no issue of fact to be certified to a jury for determination, we can only look to the petition for authority to award the writ, and that being clearly insufficient the writ must be denied.

*Writ of mandamus denied.*