## James W. Rowe et al. v. The People, ex rel., etc.

1. MANDAMUS—*Sufficiency of an Affidavit Attached to the Petition Can Not be Questioned on Demurrer.*—The sufficiency of an affidavit attached to a petition for a mandamus can not be questioned on demurrer to the petition.

2. SAME—*Sufficiency of the Petition Depends upon Its Allegations.*—Upon a demurrer to a petition for mandamus the question to be considered is, whether the allegations of the petition entitle the petitioners to the relief asked, and not whether the proof of the facts alleged in it, is made by the affidavit filed in support of it.

Rowe v. The People.

3.  PRACTICE—*Defective Affidavits to Pleadings.*—Where an affidavit is required to a pleading at law and is absent or insufficient, the proper way to take advantage of .the defect is by a motion to strike the pleadings from the files.

4.  SAME—*Is an Oath Necessary to a Petition for Mandamus.*—It is at least a doubtful question whether an oath is now necessary to a petition for mandamus filed in the Circuit Court. It is no longer a prerogative writ requiring a showing why this extraordinary power should be called into exercise, but nothing more than an ordinary action at law. The statute authorizing it, not requiring the petition to be verified, an affidavit to it no longer fills any office or serves any purpose.

5.  COSTS—*In Mandamus Proceedings.*—Where the persons who hold the offices in a village, and not the village itself, are made parties to mandamus proceedings and defeated in the action, it is proper to award costs and execution against them.

6.  WAIVER—*Of the Right to Appeal Without Giving Bond.*—If an appeal bond under the statute should not have been required in this case, the point was waived by giving the bond.

**Mandamus.**—Appeal from the Circuit Court of Jo Daviess County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the April term, 1901. Affirmed. Opinion filed July 12, 1901.

JONES & KERZ, attorneys for appellants.

D. & T. J. and J. M. SHEEAN, attorneys for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Robert Hawley filed a petition in the court below against James W. Rowe and others, the persons holding the offices of president and trustees of the village of Warren, Jo Daviess county, for a writ of mandamus to compel them as such officers to pass an ordinance disconnecting certain territory from said village. Defendants filed a special demurrer to the petition, which was overruled. Defendants elected to abide by their demurrer, and a writ was awarded as prayed, and costs were adjudged against defendants, with execution. They prayed an appeal to this court which was granted upon their filing a bond in the sum of $200 within thirty days. Leave was given them to file a bill of exceptions within thirty days. Defendants filed the bond as required. They argue the court erred in overruling the

demurrer to the petition, in adjudging costs against them, in awarding execution therefor, and in requiring an appeal bond and a bill of exceptions.

Appended to the petition was an affidavit by petitioner, the body of which read : "Robert Hawley, the petitioner in the petition aforesaid, makes oath and says that the several matters and things in the said petition contained are true, to the best of his knowledge, information and belief." The sole cause of demurrer assigned, and the sole reason presented here why it should have been sustained, is that said affidavit is insufficient because its statements are on information and belief.

1. We are of opinion the sufficiency of the affidavit could not be questioned by a demurrer to the petition. The office of a demurrer to a pleading is to question the legal sufficiency of the facts stated in such pleading to establish a cause of action or a defense. It is not questioned here but that every fact necessary to require defendants to pass the desired ordinance was distinctly and sufficiently set forth in the petition. In Trustees of Schools v. People ex rel., 121 Ill. 552, a court, in a mandamus case, said :

"Upon demurrer to a petition, we think the question which is to be considered is, whether the allegations of the petition entitle to the relief asked, and not whether proof of the facts alleged is made by the affidavit which may be filed in support of the petition."

In People ex rel. v. Town of Mount Morris, 145 Ill. 427, the court said :

"The sufficiency of the petition depends upon its averments, and not upon affidavits filed in the support."

Gage v. Smith, 79 Ill. 219, was a bill for an injunction and a receiver. Defendant demurred, and one reason assigned was that the affidavit to the bill was defective. The demurrer was overruled, and defendant refused to answer further, and there was a decree *pro confesso*. The court said the sufficiency of the affidavit was not properly before them, and that the only question was whether the allegations of the bill were sufficient to authorize the decree.

By their demurrer in the case at bar defendants admit all the facts well stated in the petition are true, and they do not question but the allegations are sufficient to require defendants to act. Yet in the same breath they say, " although we admit the facts stated, yet they are not sufficiently verified by affidavit." The positions are inconsistent. The admission of the demurrer was sufficient proof. If an affidavit is required to a pleading at law, and it is absent or defective, the proper way to take advantage of the defect is by a motion to strike the pleading from the files for the absence or defect of the affidavit. Bancroft v. Eastman, 2 Gilm. 259; King v. Haines, 23 Ill. 340.

2.   It is at least a doubtful question whether any oath is now necessary to a petition filed in the Circuit Court for mandamus. Under the practice prior to the revision of our statutes in 1874, the mere presentation of a petition for mandamus did not entitle the petitioner to any writ or summons, but the court first performed the judicial act of determining whether the showing made was such that an alternative writ should issue. For that purpose an affidavit was required to show the court that the facts averred were true, and that due cause existed for issuing the writ. The statute of 1874 relating to mandamus, does not apply to the Supreme Court (People ex rel. v. Thistlewood, 103 Ill. 139, People ex rel. v. Suburban R. R. Co., 178 Ill. 594), and therefore in that court a showing under oath must yet be made. But for the Circuit Court the practice in cases of mandamus was completely changed by chapter 87, and section 10 of chapter 110, of the revision of the statutes made in 1872 and 1874, which still remains in force. Mandamus is no longer a prerogative writ, requiring a showing why this extraordinary power should be called into exercise. It is now nothing more than an ordinary action at law. (People ex rel. v. Weber, 86 Ill. 283.) The statute does not require the petition shall be verified. An affidavit thereto no longer fills any office or serves any purpose. No preliminary order is required to permit the prosecution of the suit. The petition is filed as a matter of right, and there-

upon the clerk is required to issue an ordinary summons for the defendant.  When he is brought in he may demur, or answer, or file pleas, as in other actions.  The reason for a verification no longer existing, and the statute not requiring an affidavit, we fail to see how an affidavit is any longer necessary to a petition for mandamus filed in the Circuit Court.

3.  It was held in cases quoted and commented on in Fitch v. Gray, 162 Ill. 337, that the degree of certainty required in affidavits depends upon the requirements of the statute under which they are filed, or the purpose they are to serve, and that perjury may be assigned upon an affidavit made on information and belief. · In Grace v. Oakland Building Association, 166 Ill. 637, an affidavit concluding " to the best of his knowledge and belief," was held not to render the affidavit uncertain, and was adjudged sufficient under the mechanics' lien law.  A distinction was there drawn between affidavits where a high degree of certainty is required, such as an affidavit to a plea in abatement, and those where certainty to a common intent is sufficient.  If a petition for mandamus filed in the Circuit Court requires a verification, we are of opinion that under the two cases last above cited this affidavit is sufficient.  In the particular in which this affidavit is questioned it is in exactly the form for such an affidavit given in Moses on Mandamus.

4.  The village was not sued, but only the persons who hold certain offices. . It was proper to award costs and an execution against them.  If a bond on appeal should not have been required, the point was waived by giving a bond. The order 'did not require a bill of exceptions, but permitted defendants to present one if they desired.  The judgment is affirmed.