402    APPELLATE COURTS OF ILLINOIS.

Martin v. Union Drainage Dist. No. 5, 150 Ill. App. 402.

## John W. Martin, Appellant, v. Union Drainage District No. 5, Montmorency and Coloma Townships, Appellee.

### Gen. No. 5,057.

DRAINAGE—*when payment of debt cannot be enforced under Farm Drainage Act.* A debt created in advance of an assessment cannot be enforced under the Farm Drainage Act unless there is sufficient money to pay such debt in the hands of the treasurer which had come to him through regular channels.

Mandamus. Appeal from the Circuit Court of Whiteside county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the April term, 1909. Affirmed. Opinion filed October 19, 1909.

JARVIS DENSMOOR, for appellant.

C. L. and C. E. SHELDON, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

John W. Martin filed a petition on January 6, 1908, in the Circuit Court of Whiteside county praying for a writ of mandamus, directed to the commissioners of Union Drainage District No. 5 of Montmorency and Coloma townships in Whiteside county or to Amos Haverstick, commanding them or him to pay certain warrants alleged to have been issued by said district.

The petition alleges that said Union Drainage District is a corporation organized in 1883, under the Farm Drainage Act, and that it is indebted to the petitioner in the amount of $781.19; that said indebtedness occurred in this wise: that about June 1, 1903, a legal controversy having arisen between the commissioners of said corporation and the landowners with reference to cleaning ditches and the duties of the commissioners, the commissioners employed Francis E. Andrews, Sr., as legal counsel, and Francis E. Andrews, Jr., as engineer and surveyor; that said parties did render services in behalf of the district in

SECOND DISTRICT—OCTOBER, 1909.    403

Martin v. Union Drainage Dist. No. 5, 150 Ill. App. 402.

pursuance of said employments; that at a regular meeting of said commissioners on March 10, 1904, the bills of said counsel and surveyor were audited and allowed and warrants aggregating $627 were issued to Francis E. Andrews, Sr., for legal services and $154.19 were issued to Francis E. Andrews, Jr., for surveying; that at a meeting on March 9, 1904, the commissioners levied a tax on the lands of said district for the purpose of paying expenses in hiring counsel, surveyor and other expenses incident thereto in the sum of $1,200; "that pursuant to said levy, as petitioner is informed and believes, money sufficient to pay said obligations did come through the regular channels into the hands of the treasurer of said district"; that said obligations have been assigned to petitioner; that demand for payment of said warrants has been made on the treasurer of said district and he refuses to pay the same; wherefore petitioner prays, etc.

The defendants filed a demurrer both general and special to the petition, setting up practically (1) that the petition does not aver that an assessment was levied at the time or before the indebtedness was incurred, (2) that the petition does not pray that defendants pay the orders involved out of the funds of the district if any there be. The court sustained the demurrer and dismissed the petition at petitioner's costs. The petitioner appeals to this court.

The only question before this court is the sufficiency of the petition. The petition avers that the appellee, a corporation, was organized in 1883 under the Farm Drainage Act, and that in June 1903, a controversy arose between the commissioners and the landowners with reference to cleaning the ditches, and that the liability was then incurred for which the orders were drawn after auditing the bills on March 10, 1904, after an assessment had been made March 9, 1904. It is not alleged in the petition that the work for which the orders were issued was preliminary to the organization of the district or for preliminary expenses neces-

404    APPELLATE COURTS OF ILLINOIS.

Martin v. Union Drainage Dist. No. 5, 150 Ill. App. 402.

sarily incurred in anticipation of making an assessment. It does in fact appear from the allegations that the district had been organized nearly ten years before the contracts were made for which the orders sought to be collected by mandamus were issued and the work for which the orders were issued was connected with cleaning old ditches. Section 70 of the Farm Drainage Act (section 145 of chapter 42 of Hurd's Statutes) provides, that the commissioners shall on or before December 1st of each year file with the county clerk a statement of the amount, if any, necessary to be levied to keep the work or any part thereof in repair for the year next ensuing, and it is the duty of the clerk to compute the *pro rata* share which each tract or parcel of land in said district shall have to pay to raise said amount, which *pro rata* share shall be in the same proportion as the assessment for the construction of said work. The commissioners had the same right to make an assessment in June, 1903, in anticipation of cleaning the ditches before the contracts were made, that they had in March, 1904, the day before they issued the orders. In Drainage Commissioners v. Kinney, 233 Ill. 67, where the district was organized under the Farm Drainage Act, it was held that an assessment levied to pay a contract indebtedness incurred before the assessment was levied is made without authority of law, and its collection may be enjoined. No authority has been called to our attention for the payment of contract debts out of subsequent assessments, and if any are found we think they will only apply to the payment of expenses preliminary to the organization of a drainage district. The rule that "Drainage commissioners have no power to create an indebtedness in advance, and then levy an assessment for the purpose of paying for it" is a wise one. Winklemann v. Drainage District, 170 Ill. 37.

It is insisted on behalf of appellant that, under the rule regarding drainage districts announced in Bradbury v. Vandalia Drainage District, 236 Ill. 36, drain-

SECOND DISTRICT—OCTOBER, 1909.     405

Martin v. Union Drainage Dist. No. 5, 150 Ill. App. 402.

age districts are municipal corporations and not *quasi* municipal corporations, and that the courts have modified the rule announced in Winklemann v. Drainage District (*supra*). The Bradbury case was a suit in tort, and not on a contract. In the Bradbury case it is said a drainage district is a corporation, but it is not created for political purposes or for the administration of civil government. Even corporations created for civil government, such as cities or other corporations, are not permitted to issue orders or to incur debts before assessments are made and the taxes are collected (Hurd's Statutes, chap. 146a, sec. 1) except that after the taxes are levied they may issue orders in anticipation of the collection of the taxes already levied to the extent of seventy-five per cent of the tax levied, but such orders or warrants must show upon their face that they are payable solely from such taxes when collected. Hurd's Statutes, chap. 146a, sec. 2. We hold that a drainage district organized upon a petition of a majority of the landowners for the purpose of providing drainage for agricultural and sanitary purposes is bound by the statute under which it is organized, and is subject to the same general rules that govern other public corporations in the creation of contract debts and the issuing of orders in payment thereof.

The petition nowhere states that the treasurer now has any money on hand or had any when the orders were issued. It simply avers that petitioner is informed and believes money sufficient to pay said obligations did come through regular channels provided by statute into the hands of the treasurer. The allegation should be such that an issue could be taken on it. It should have alleged that the money did come to and is in the hands of the treasurer. "The writ of mandamus will not be awarded in any case unless the relator shows a clear legal right to have the thing done and in the manner asked. It will never be ordered in a doubtful case. Every material fact necessary to show the plain duty of the respondent to act in

406 APPELLATE COURTS OF ILLINOIS.

Martin v. Union Drainage Dist. No. 5, 150 Ill. App. 402.

the premises must be set forth by a party seeking to compel the performance of an act. * * * It must in all cases clearly appear that the officer against whom jurisdiction by mandamus is invoked, is actually in default in the performance of some act, which the law specially enjoins as a duty resulting from his office. These are inflexible rules, applicable to every mandamus proceeding against a public officer, settled by repeated decisions of this and other courts.'' Swigert v. County of Hamilton, 130 Ill. 538; Cristman v. Peck, 90 Ill. 150; Gormley v. Day, 114 Ill. 185; People v. Town of Mt. Morris, 145 Ill. 427, 430.

The averment in the petition with reference to the results of this assessment leads to the conclusion, either that this assessment was not collected or that it was used in paying ''the other expenses incident thereto.'' It also appears that the orders were issued the day after the levy was made to pay them and they neither show on their face that they are payable solely out of such taxes when collected, nor that orders were not issued in· excess of seventy-five per cent of the levy. The Circuit Court properly sustained the demurrer and dismissed the petition for the reason that it was not averred that the money was collected and in the hands of the treasurer with which to pay said warrants, and that it also appears from the petition that the assessments were made to pay prior contract debts, and that the orders do not show on their face that they were payable solely from such assessment when collected.

Counsel have presented the question whether a proceeding for mandamus to compel the payment of these warrants is a proper legal remedy before the petitioner had obtained a judgment at law. In as much as we hold that the petition was insufficient for other reasons, it is unnecessary to express any opinion concerning that question. The judgment of the Circuit Court is affirmed.

*Affirmed.*