## Brownell Improvement Co. v. George W. Critchfield et al., for use of the Mexican Asphalt Paving Co.

1. APPELLATE COURT PRACTICE—*When the Judgment Will be Affirmed.*—When it appears upon the whole record that substantial justice has been done by the judgment of the trial court it will be affirmed.

2. ACCEPTANCE—*Of Work Done, When it Must be Unconditional.*— The acceptance of work done under a contract must be absolute and unconditional in order to preclude a subsequent claim for defects.

3. PRACTICE—*Amendment of Bills of Particulars, Discretionary.*—It is a matter resting within the sound discretion of the court as to whether the amendment of a bill of particulars shall be allowed, and to do so is not error unless such discretion has been abused.

4. SAME—*Suits for the Use of Nominal Plaintiffs.*—It is a matter of no consequence to the defendant for whose use a suit is brought. The party in whom the legal right of action is, may, as respects the defendant, bring his suit for the use of whatever person he chooses, and it is no concern of the defendant for whose use the action may be brought, neither is it necessary that the person for whose use such suit is brought should have any interest in, or connection otherwise with, the subject of the suit.

5. INTEREST—*On the Amount of Damages for a Breach of Contract, When Properly Disallowed.*—Where there is a range in the estimate of values from $150 to $400, it can not be said that there was at the time of the breach of the contract a well established market price from which, without the verdict of a jury, the party liable to pay the same could know how much he was liable for, so that interest might be computed upon it.

**Assumpsit**, for the breach of a contract. Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed July 18, 1901.

**Statement.**—Appellees contracted with the city of Chicago on August 26, 1895, to curb, grade and pave a portion of Wabash avenue in said city. The written contract provided that the work should be done according to specifications, and that the work should be approved by the commissioner of public works of the city. On September 17, 1895, appellees entered into a sub-contract with appellant to do a part of this work. The contract was in writing and provided, *inter alia*, that appellant was to "thoroughly flood and roll the sub-grade with a ten-ton roller, to the entire satisfaction of the parties of the second part, and to furnish all material and lay down and construct the combined curb and gutter and the concrete foundation at the proper grades, and leave the same in condition ready to receive the asphalt surface, as required in the contract of the parties of the second part with the city of Chicago, dated August 26, 1895, for the improvement of Wabash avenue from Sixty-sixth street to Seventy-first street; said work to be done in accordance with said contract with said city, and plans and specifications thereto attached. It is understood and agreed by and between the parties hereto, that this contract is made subject to all conditions contained in said contract with said city of Chicago, so far as the same applies to the material to be furnished and the labor to be performed by the parties of the first part, which contract, by reference thereto, is hereby made a part hereof."

It was also provided by this contract that eighty-five

per cent of the amount to become due to appellant for its work should be paid from time to time as the work progressed, with certain privileges to appellee to pay by promissory notes or by cash.

Appellant proceeded to do the work contracted for, and claimed to have completed it in the latter part of November, 1895. At about this time the city had ordered the work suspended until the following spring because of the weather and in accordance with a provision in its contract. In December, 1895, appellant desiring a settlement with appellees, the parties entered into an agreement of conditional settlement, which provided that whereas, the said Brownell Improvement Company now desires a settlement for said work, it is agreed between said parties that a temporary settlement shall be made on the following basis: Said Brownell Improvement Company to be paid on a basis of having completed 12,969 square yards of concrete and 7,175.8 feet of curb, it being agreed that when final estimates are made by the city, if the same be less than the amounts herein stipulated, then said improvement company shall refund the difference, if any, and that if said final measurements show more work than the amounts herein stipulated, the excess, if any, to be paid to said Brownell Improvement Company. It is expressly stipulated and agreed that if defects of workmanship or material become apparent in said concrete or said combined curb and gutter before the final completion of asphalt-wearing surface, or if any portion of said concrete or said combined curb and gutter requires repairs, or any other work would have to be performed on it to make it comply with the requirements of the city authorities before laying said asphalt-wearing surface, the said Brownell Improvement Company will make said alterations or repairs, or perform such other or additional work as may be required by said city authorities free of expense to said parties of the second part; further recites that nothing in this agreement shall relieve the said Brownell Improvement Company from its guarantee under its bond to said party of the second part

for the faithful performance of said contract.   This agreement was signed by both parties thereto and accepted on the bottom thereof by the Mexican Asphalt Paving Company, by its president and secretary.   It was executed under seal.

After the making of the contract with the city and the sub-contract with appellant, the business of appellees was incorporated as the Mexican Asphalt Paving Company, and the contracts of appellees were assigned to the corporation. Under this conditional or " temporary" agreement of settlement the appellees paid appellant for its work, the final payment of $253.75 being made January 2, 1896.

The work done was covered, to protect it from the weather, by appellant.   In the spring following it was found that the work was not in good condition.   There was some conflict as to this condition of the work, but the record discloses evidence which would well warrant the conclusion that the concrete work done by appellant was found in the spring to be soft in many places, and not such work as the contracts required.

The commissioner of public works of the city refused to accept this work, and required that the concrete work, done by appellant under its contract with appellees and paid for under the conditional settlement, should be relaid.   This appellant, when requested by appellees, refused to do, and thereupon the representative of appellees said, " Then we will do this work and charge you with the cost of it, and sue you for the amount."   To which Mr. Brownell, the representative of appellant, replied, " That is the only way out of it; you can go ahead along those lines."

But Mr. Brownell denied any liability of appellant to do the work.   Appellees, through the Mexican Asphalt Paving Co., proceeded to relay the concrete work done by appellant to the extent of 8,463 square yards, at a cost of $2,845.11.   The remainder of the work, consisting of 3,222 square yards, was ordered done by the city through another company, the Assyrian Asphalt Paving Co., and the cost thereof was deducted from the amount due to appellees from the city.

Before the work was relaid an attempt was made by appellant and appellees to induce the commissioner of public works to accept it, as done by appellant, in which attempt they failed. The work let to the Assyrian Company by the city to complete the contract of appellees included not only the relaying of work done by appellant, but as well the finishing which appellees were to do thereunder, and a lump sum of $11,500 was deducted from appellees' contract price to cover this entire work.

Appellees brought this suit to recover from appellant, for the use of the Mexican Asphalt Paving Co., the amount which it had thus cost them to relay the 8,463 square yards, and the amount deducted by the city for the relaying of appellant's work upon the other 3,222 yards, which latter work was done by the Assyrian Company.

The cause was submitted to the court without a jury. After the submission appellant moved that the order of submission, waiving a jury, be set aside, and that it be accorded a trial by jury. This motion was denied. A bill of particulars, filed by appellees before the trial, limited the part of Wabash avenue covered by the work in question to that part lying between Seventy-first street and Sixty-ninth street. After the hearing of evidence and before the finding and judgment of the court, appellees were permitted, over objection of appellant, to file an amended bill of particulars, by which the extent of the street is described as between Seventy-first street and Sixty-sixth street. The evidence disclosed that a part of the work in question was between Sixty-sixth street and Sixty-ninth street.

The declaration consists of special counts and the common counts. The special counts declare upon the work as done by appellee through the Mexican Asphalt Paving Co.; but in the fourth additional count it is also alleged, in effect, that the city forfeited the contract of appellees as to a part of the work, and let such part to another contractor and deducted the cost of the same from the amounts due to appellees, under the provisions of its contract with the city.

Appellant presented evidence as to the reasonable cost of relaying the work done by it. The estimates of the various expert witnesses presented on behalf of appellant fix such cost at from twenty cents to twenty-five and one-half cents per square yard.

The court found the issues for the plaintiffs, appellees, and assessed their damages at $3,650, and from judgment upon this finding the appeal here is prosecuted.

Gardner & Burns, attorneys for appellant.

J. B. Langworthy, F. W. Bentley, W. S. Oppenheim and Leroy D. Thoman, attorneys for appellees.

Mr. Justice Sears delivered the opinion of the court.

It is contended by counsel for appellant that the work done by appellant was accepted by the appellees, and therefore no subsequent claim for defects in it can be successfully asserted by appellees. To this contention we do not assent. There was no absolute and unconditional acceptance of the work by appellees. On the contrary, when the conditional, or, as it is called by the parties, "temporary" settlement was made the wording of the settlement very carefully guarded against any such absolute acceptance as would preclude a subsequent claim for defects. By the terms of that agreement of settlement "it is expressly stipulated and agreed that if defects of workmanship or material become apparent," etc., or "if any other work would have to be performed to make it comply with the requirements of the city," then the appellant was to perform such additional work and make such repairs without cost to appellees. This agreement was executed under seal. A consideration for it is to be assumed. By its terms appellant engaged to do that which it refused to do, and for the cost of doing which this suit was brought. It is clear from the language of this agreement, that the parties thereto, at the time of the making of it, contemplated the possibility of defects afterward becoming apparent, and therefore avoided by the

terms of the agreement any absolute acceptance of the work.

Appellant's counsel contend also that the court below erred in permitting items to be proved not included in the original bill of particulars, and in permitting an amended bill of particulars to be filed after the evidence was presented. We think that there was no error in this. A bill of particulars is subject to amendment. Waidner v. Pauly, 141 Ill. 442.

It was a matter resting within the sound discretion of the court whether the amendment should be allowed at the time it was made We can not say that the discretion was abused. An offer was extended to appellant for such postponement of the trial as would allow it to avoid any possible prejudice by surprise through such amendment.

It is contended that there is a variance in that the *narr.* alleges that appellees did the work which appellant should have done through the Mexican Asphalt Paving Co., while the evidence discloses that a part of it, viz., 3,222 square yards, was done by the Assyrian Company. But the fourth additional count of the declaration alleges in effect that the city forfeited the appellees' contract as to these 3,222 yards and let that part of the work to another person, and deducted the cost of the same from the amount due to appellees by the terms of their contract with the city. We think that there is no variance.

It is also contended by counsel for appellant that the suit is improperly maintained for the use of the Mexican Asphalt Paving Co., and in this behalf it is urged that the assignment of contracts to it by appellees is ineffectual to convey any right to a part, at least, of the damages recovered. But the appellees having the legal right to the damages, and the suit being maintained in their name as nominal plaintiffs, it is a matter of no consequence to appellant for whose use they sue or recover. In no event can appellant be prejudiced thereby. Atkins v. Moore, 82 Ill. 240.

In that case the Supreme Court said:

" The party in whom is the legal right of action may, as

respects the defendant, bring his suit for the use of whatever person he likes; that it is no concern of the defendant, for whose use the action may be brought, and that it is not necessary that the one for whose use a suit may be brought, should have any interest or connection otherwise with the subject of the suit."

In their brief first filed, counsel for appellant did not question the extent of the recovery, except as limited by the bill of particulars, and except, perhaps, as embodied in their claim that there was a variance. By their reply brief they question the extent of the recovery as sustained by the evidence. The substance of their contention is that while the $2,845.91 actually expended by appellees in the relaying of 8,463 square yards of street has support in the evidence, yet the allowance of more than that amount is unwarranted.

It is true that the exact amount of the cost to appellees of the relaying of the other 3,222 square yards is not established by as clear and explicit evidence as could be desired, yet, we are not willing to exclude such part of the recovery as is based upon that work. The amount paid by the city to the Assyrian Company for the entire work on the 3,222 square yards was $11,500. It is not shown what part thereof was properly chargeable for the work which should have been done by appellant, and what part was chargeable for the finishing, which should have been done by appellees, except as it is shown what the reasonable cost would be for appellant's part of the work. But appellant presented evidence to show what that reasonable cost would be, and taking the estimates of its own witnesses we can not say that the learned trial court erred in the measurement of the damages.

We are of opinion that there was no error in denying appellant a trial by jury after its counsel had waived such right and submitted the issues to a trial by the court without a jury.

It is assigned as cross-error by appellees that the court refused to allow interest upon the amount of the damages to which they were found to be entitled. A proposition of

law refused by the court indicates that the court excluded any allowance for interest. But we are of opinion that there was no error in so holding. Harvey v. Hamilton, 54 Ill. App. 507.

In that case the evidence of experts varied from $150 to $400 per lot, and the court said:

"With such a range in estimated values, it surely may not be said that there was at the time of the breach a well established market price, from which, without the verdict of a jury, appellant could know how much he would have to pay or was liable for."

The language is applicable to the evidence in this case.

Upon the whole record we are of opinion that substantial justice has been done by the judgment of the trial court, and that judgment is affirmed.