JAMES G. JONES *et al.*

*v.*

ROBERT W. MAXTON, for use, etc.

*Opinion filed June 19, 1902.*

CONTRACTS—*what essential to sustain a claim of damages by way of recoupment.* In an action for the balance of the contract price of stone furnished by the plaintiff to the defendant, the latter can not be permitted to prove damages by reason of supposed delay in furnishing the stone, where there is no evidence as to when the stone was to be furnished nor when it was in fact furnished.

*Jones* v. *Maxton,* 100 Ill. App. 201, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ABNER SMITH, Judge, presiding.

KERR & KERR, for appellants.

MEEK, MEEK, COCHRANE & MUNSELL, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Branch Appellate Court for the First District affirmed a judgment recovered by appellee, against appellants, in the circuit court of Cook county, for an unpaid balance of the contract price for building stone furnished to appellants. The parties waived a jury and the issue was submitted to the court. No proposition of law was submitted, and the judgment of the Appellate Court is final as to the facts.

The only assignment of error which we are authorized to consider relates to the ruling of the court in excluding evidence offered by defendants of damage suffered on account of delay in furnishing the stone. Plaintiff had testified that the contract was made the early part of November, 1891, and the work finished in March, 1892, and that most of it was done long before that. Upon

the examination of one of the defendants as a witness he said he did not know the time the contract was made, but thought it was September 2, 1891, and that plaintiff was to furnish the material within sixty or ninety days from the time the contract was made. He did not know whether the stone was to be furnished in sixty days or ninety days, and there was no evidence in the case on that subject. He said that the stone was furnished all the way from September, 1891, to some time in March or April, 1892; that the delay caused the building to be left open, and defendants had to plaster it with fires and shovel out snow. The witness was then asked what the money damage was by reason of plastering with salamanders and shoveling snow, and an objection to the question was sustained. Defendants offered to show by the witness that the plastering and carpenter work cost them more on account of the delay in furnishng the stone, whereby they did not make as large a profit as they would if the stone had been furnished in the time contracted. The proper method of proving damages by way of recoupment would have been to prove when the stone was to have been furnished and when it was in fact furnished, with the consequent damage. There was not only no evidence when the stone was to be furnished, but there was no evidence when it was in fact furnished. The witness said the stone was furnished along from time to time after the contract was made, and there was nothing in the evidence from which the court could arrive at any conclusion, either as to what the time stipulated in the contract was, or what part of the stone, if any, was delivered beyond that time. It is manifest that without such proof a witness would not be allowed to give his opinion of the amount of damage resulting from a supposed delay. There was no error in the ruling of the court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*