**The People of the State of Illinois ex rel. I. N. Cooley,
Appellant, v. Commissioners of Highways of the
Town of Embarrass, Appellees.**

1. ROADS AND BRIDGES, § 125*—*when petition for mandamus to
compel relocation of road properly dismissed.* A petition on the re-
lation of a landowner for a writ of mandamus to compel the high-
way commissioners to relocate a road, *held* properly dismissed where
there was no proof that the road asked to be relocated was ever
opened or used and it appeared that the present road had been
used for forty-nine years.

2. ROADS AND BRIDGES, § 151*—*when old highway will be regarded
abandoned by location of new road.* Where a highway has ceased

*See **Illinois Notes Digest, Vols XI** to **XV,** and **Cumulative Quarterly,** same
topic and section number.

to be used and another is acquired with the consent of the public authorities, and the use of the original highway has ceased for a sufficient length of time to clearly indicate an acceptance by the public of the new highway, the old highway will be regarded as abandoned.

3. ESTOPPEL, § 93*—applicability to public. While the statute of limitations does not run against the ₍ublic, the doctrine of estoppel may apply.

4. MANDAMUS, § 129*—sufficiency of petition. A petition for a writ of mandamus must show a clear right to the relief sought to be obtained.

5. APPEAL AND ERROR, §. 528*—when legal questions not saved for review. When no propositions of law were presented to court trying the case without a jury and no question is raised concerning the introduction of evidence, no legal question is saved for review.

SCHOLFIELD, J., took no part in the decision of this case.

Appeal from the Circuit Court of Edgar county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 5, 1914.

W. H. HICKMAN, for appellant; F. T. O'HAIR and F. C. VAN SELLAR, of counsel.

SHEPHERD & TROGDON and JAMES W. & EDWARD C. CRAIG, for appellees.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

The People of the State of Illinois, on the relation of I. N. Cooley, filed a petition in the Circuit Court of Edgar county alleging that in March, 1864, the Commissioners of Highways of the Town of Embarrass laid out and declared open a road described in the petition for it as "commencing at the Northeast corner of Section 36 of Piersol Brown, and at a road running west to the line of Douglas County, and running one mile east on the section line of 30 and 31, in town 15 N. of R. 13 W. to intersect a road running as far west and to the corner of Sections 30 and 31," thence north, etc. The survey and order opening the road

describes it as commencing at a rock at the southwest corner of section 30. The petition further alleges that when said road was staked out by the Commissioners, through an error as to the exact location of the south line of section 30, the road as staked out deviated from said line, and has since been used over the same route at the west end, the north line of said road as used being fifty-nine feet south of the true south line of said road as laid out, and running thence diagonally northeast for a distance of thirty rods before the road as used by the public joins the line of the true road; that the fence on the north side of said road as used for its entire length was within the boundaries of said road as laid out; that a petition to build a hard road between sections 30 and 31 has been acted on and a vote taken to levy a tax to build said road but said hard road cannot be built on said road as it now exists, and that it is the duty of the Commissioners to keep said road open as originally laid out and to cause all obstructions to be removed, and prays a writ of mandamus, etc. The Commissioners answered the petition denying all its allegations and stating that a public road is now and has been in exactly the same location as it was when originally laid out; that it has been taken care of by the Commissioners during all the time since it was opened; that the fences and buildings along it have been located in conformity therewith; that the relator and the Commissioners are estopped from insisting that the road is not in its proper location and that the road described in the petition, if ever laid out, has been abandoned by the public and the route used has been acquired by the public and that the relator has not the clear legal right to have the road opened as prayed. Upon a hearing before the court the writ was denied and the petition dismissed. The relator prosecutes this appeal.

There is practically no controversy over the facts. One Hiram Sandford owned the land on both sides

The People v. Commissioners of Highways, 188 Ill. App. 56.

of the road when it was opened, but the relator now and for nearly ten years has owned the northwest quarter of section 31.  C. P. Lycan, a surveyor and city engineer of the city of Paris, testified that he found the rock at the northeast corner of section 36 in the center of the road, as it now exists, and that he found the rock at the southwest corner of section 30, sixty feet north of the north line of the highway. From this evidence it appears that there is a jog of nearly seven rods between the ends of the east and west section lines in these adjoining townships.  The petition for the road described the road as beginning at the northeast corner of section 36 at a road running west to the line of Douglas county, and the new road was to run thence "one mile east on the Section line of 30 & 31." The order of the Commissioners made in 1864 shows that they had caused a survey to be made and that the road was ordered laid out commencing at a rock at the southwest corner of section 30 and the road runs thence east.  The evidence shows that after the road was staked out, a fence was built on the north side of it in 1866 as it was staked out and that fence has remained in the same location to the present time, and there is a hedge on the south line of the highway as it now exists that has been there for over twenty years.  It is clear that the highway as it now exists has been in the same location for forty-nine years.

While the statute of limitations does not run against the public yet the doctrine of estoppel may apply. The land on both sides of the road has been transferred and the present owners became possessed of it with a road kept up by the Commissioners in its present location, which is where it was originally staked out. The location is not sought to be changed by the Commissioners but by a landowner who desires the road relocated, and there is no proof that the highway was ever opened or used where the relator now desires to have it located.

Where a highway has ceased to be used and another is acquired with the consent of the public authorities, and the use of the original highway has ceased for a sufficient length of time to clearly indicate an acceptance by the public of the new highway, the old highway will be regarded as abandoned. *City of Peoria v. Johnston,* 56 Ill. 45; *Highway Com'rs Town of Lanesville v. Kinahan,* 240 Ill. 593; *Galbraith v. Littiech,* 73 Ill. 209; *Town of Lewiston v. Proctor,* 27 Ill. 414; *Champlin v. Morgan,* 20 Ill. 181; *People v. Davis,* 39 Ill. App. 162. The reasons for the estoppel of the appellant are much more forceful than in any of the cases cited because a highway never was opened or used where the relator now seeks to have it located, and the road as now located has been used for forty-nine years and has no jog in it.

A petition for a writ of mandamus must show a clear right to the relief sought to be obtained (*Parish v. People,* 203 Ill. 374), and that clear right does not appear here.

No propositions of law were presented and no question is raised concerning the introduction of evidence, hence no legal question is saved for review.

The trial court properly refused the prayer of the petition and dismissed the writ. The judgment is affirmed.

*Affirmed.*

MR. JUSTICE SCHOLFIELD took no part in the decision of this case.