Charles Grove et al. for use of Roy Hamm Post No. 101 American Legion, Appellees, v. The Board of Supervisors of Piatt County, Illinois, and Harvey Fay, County Clerk of Piatt County, Illinois. The Board of Supervisors of Piatt County, Illinois, Appellant.

## Gen. No. 8,059.

1. MANDAMUS—*definition of writ.* The writ of mandamus is a writ commanding an official or official board to perform a ministerial act where the law imposes the duty to act and no discretion is vested in the official or board.

2. MANDAMUS—*what rules govern pleading.* Mandamus is governed by the rules of pleading applicable to other actions at law.

3. MANDAMUS—*nature of petition required.* The petition for mandamus, which under the statute takes the place of an alternative writ at common law and performs the office of a declaration, must state facts showing a clear and undoubted right to compel the party sought to be coerced to act.

4. STATUTES AND RESOLUTIONS—*granting license for public dance hall as compulsory.* The provision of Cahill's St. ch. 34, ¶ 198, that permits "may" be issued for public dance halls is to be construed as meaning that they "shall" be issued on compliance with requirements.

5. CONSTITUTIONAL LAW—*validity of statute to regulate public dance halls.* The law regulating public dance halls, Cahill's St. ch. 34, ¶¶ 195–203, being capable of either an interpretation which would make it unconstitutional as prohibiting such halls or one making it valid as permitting them under restrictions, is held a valid, mandatory act as to all persons and corporations bringing themselves within the provisions of the act.

6. MANDAMUS—*right to petition in behalf of another.* One who has a right to petition and sue in his own behalf may do so irrespective of whether he is doing so for some other person or an association or corporation.

7. EXHIBITIONS AND SHOWS—*right to apply for dance hall permit for another's use.* One may apply for a permit to operate a public dance hall under the provisions of Cahill's St. ch. 34, ¶ 198, and will be bound by the terms of the permit, although he may be applying for the benefit of some other persons or a corporation.

Appeal by defendant from the Circuit Court of Piatt county; the Hon. GEO. A. SENTEL, Judge, presiding. Heard in this court at the October term, 1926. Affirmed. Opinion filed October 31, 1927.

ROBERT P. SHONKWILER, State's Attorney, for appellant.

THOS. J. KASTEL, for appellees.

MR. PRESIDING JUSTICE SHURTLEFF delivered the opinion of the court.

From an order of the circuit court of Piatt county awarding the writ of mandamus against the board of supervisors, an appeal is prosecuted. Appellees will hereafter be designated as petitioners and appellant as defendant. The petitioners presented to the defendant a petition "for and in behalf of Roy Hamm Post No. 101 American Legion" for permission to operate a dance platform or dance hall. They tendered the fee required and answered all questions tending to show that they were qualified to receive the license or permit asked for. The board refused to grant the license. Thereupon, a petition for writ of mandamus was filed and on the hearing the writ was awarded.

The law under which the application was made substantially provides, Cahill's St. ch. 34, ¶ 195: "It shall hereafter be unlawful for any person or persons to operate or maintain a public dance hall or road house for the use of the general public outside of the limits of any city, village or incorporated town without first obtaining a license therefor from the county board of the county where the public dance hall is situated, in accordance with the provisions of this Act." By section 2, Cahill's St. ch. 34, ¶ 196, county boards are given power to grant licenses for one year only and to revoke them. Section 3, Cahill's St. ch. 34, ¶ 197, authorizes the continuance of those halls then in operation until the board at its next regular meeting shall issue or refuse to issue a license under the provisions of the act. Section 4, Cahill's St. ch. 34, ¶ 198, provides: "A license to operate or maintain a dance hall

may be issued by the county board to any citizen, firm or corporation of the State, who

"(1) Submits a written application for a license, which application shall state, and the applicant shall state under oath:

"(a) The name, address, and residence of the applicant, and the length of time he has lived at that residence;

"(b) The place of birth of the applicant, and if the applicant is a naturalized citizen, the time and place of such naturalization; '

"(c) That the applicant has never been convicted of a felony, or of a misdemeanor punishable under the laws of this State by a minimum imprisonment of six months or longer."

He must establish that he is a person of good moral character and that the place or building where the dance hall or road house used for public dancing is to be operated or maintained reasonably conforms to all laws and health and fire regulations applicable thereto, and the observance of certain sanitary and moral regulations there prescribed.

By section 5, Cahill's St. ch. 34, ¶ 199, the county board is authorized to make a thorough investigation to determine the fitness of the applicant and the truth of the statements made in and accompanying the application, the decision on an application to issue or renew a license to be rendered within 30 days after the application is received.

By sections 6, 7 and 8, Cahill's St. ch. 34, ¶¶ 200, 201 and 202, provision is made for revoking licenses; immoral practices are forbidden, and penalties provided therefor and for making false statements in applications for license or renewal.

A demurrer to the petition was filed and overruled. An answer and a replication thereto were filed. The abstract shows that a demurrer was filed to the answer and on motion of defendants carried back to the peti-

tion and overruled. There is much confusion as to the actual proceedings in the circuit court as shown by the abstract.

But whatever the state of the pleadings in that respect, it is now insisted that the court erred in awarding the peremptory writ of mandamus. Petitioners insist that the insufficiency of the petition is not open to inquiry, a demurrer to it having been overruled, and that the judgment must be affirmed.

The writ of mandamus is a writ commanding an official or official board to perform a ministerial act where the law imposes the duty to act, and no discretion is vested in the official or board. Mandamus is governed by the rules of pleading applicable to other actions at law. (*Dement v. Rokker,* 126 Ill. 174; *People ex rel. Edgar v. Board of Review of Cook County,* 263 Ill. 326.) The petition for mandamus under the statute performs the function of a declaration in a suit at law (*People ex rel. Rinard v. Town of Mount Morris,* 145 Ill. 427; *People ex rel. Payson v. Pavey,* 151 Ill. 101), and takes the place of the alternative writ at common law (*People v. Davis,* 93 Ill. 133; *City of Chicago v. People ex rel. Gray,* 210 Ill. 84). It must state facts showing a clear and undoubted right to the relief demanded. (*People v. Davis, supra; People ex rel. Molchan v. City Council of City of Streator,* 258 Ill. 273; *People ex rel. Albright v. Blair,* 292 Ill. 139; *People ex rel. Cooley v. Commissioners of Highways,* 188 Ill. App. 56.) Unless the right of the relators to the relief is clear and undeniable and the party sought to be coerced is bound to act, the writ will not be awarded. (*People ex rel. Brownrigg v. Brentano,* 259 Ill. 359, 360.)

The act in question provides: "For the regulation of public dance halls or road houses used for public dances outside the limits of any city, village or town," etc. and does not provide for their prohibition. In

section four of the act the word "may" is to be construed as meaning "shall." *Canal Com'rs v. Sanitary District of Chicago,* 184 Ill. 597, 604, in which case the court held:

"The words 'may' and 'shall,' when used in a statute, will sometimes be read interchangeably, as will best express the legislative intent. The word 'may' will be construed to mean 'shall' when the public or third persons have a claim that the power ought to be exercised; but when the word 'shall' is used, where no right or benefit to any one depends on its imperative use that word may be held directory, merely, and by legislative intention to be used synonymously with the word 'may.' It is also permissible, in the construction of a statute, to transpose words and sentences, if by so doing the legislative intention can be determined."

The statute in question by its title merely purports to regulate dance halls, and if the act contains any power to prohibit, such powers would be unconstitutional and void. (*People ex rel. Berlizheimer v. Busse,* 231 Ill. 251, and *People ex rel. Goldberg v. Busse,* 240 Ill. 338, 342.) Where a statute admits of two constructions, one of which will render it valid and the other invalid, courts are bound to adopt the construction which will render it valid. (*Baker v. Baker,* 258 Ill. 418.) It therefore follows that the act in question is a valid, mandatory act as to all such persons and corporations who bring themselves within the provisions of the act.

The substance of defendant's answer was a denial that a proper and sufficient petition was presented to the board of supervisors, although the answer did admit that the "purported" petition, set up in petitioners' petition in this cause was presented and denied. That petition in all matters complied with the act, and contained by way of exhibits numerous affidavits of citizens as to the good moral character of the appli-

cants, which are not contradicted or denied. The only issue raised by the pleadings was an issue of law, although proofs were presented and there was a hearing before the court; but no proofs were presented other than the petition, documents and affidavits which were presented to the board of supervisors. No propositions of law were presented and there was no motion in arrest of judgment.

Defendant contends that the petition presented to appellant by the petitioners was insufficient, for the reason that the petition was made by the petitioners "for and in behalf of Roy Hamm Post No. 101 of the American Legion," etc., and insist that there are no qualifications relative to "The Roy Hamm Post No. 101 of the American Legion" set out in the petition. There is no merit in this contention. This is a suit at law and petitioners have the right to present the petition in their own behalf and to sue. As the Supreme Court said in *Chadsey v. Lewis,* 1 Gilm. (Ill.) 153, 159: "The suit is in the name of the proper person, and it makes no difference to the defendant for whose benefit it is brought. As was said in the case of *McHenry v. Ridgeley* (2 Scam. 309), the court will not inquire whether the plaintiff sues for himself, or as trustee for some other person. It is sufficient that he has the legal interest."

In *Brownell Improvement Co. v. Critchfield,* 96 Ill. App. 84, 90, the court held:

"It is also contended by counsel for appellant that the suit is improperly maintained for the use of the Mexican Asphalt Paving Co., and in this behalf it is urged that the assignment of contracts to it by appellees is ineffectual to convey any right to a part, at least, of the damages recovered. But the appellees having the legal right to the damages, and the suit being maintained in their name as nominal plaintiffs, it is a matter of no consequence to appellant for whose

use they sue or recover. In no event can appellant be prejudiced thereby. *Atkins v. Moore,* 82 Ill. 240.

"In that case the Supreme Court said:

" 'The party in whom is the legal right of action may, as respects the defendant, bring his suit for the use of whatever person he likes; that it is no concern of the defendant, for whose use the action may be brought, and that it is not necessary that the one for whose use a suit may be brought, should have any interest or connection otherwise with the subject of the suit.' "

This case was affirmed in 197 Ill. 61.

In *Jones v. Maxton,* 100 Ill. App. 201, 203, it was held: "All that was alleged in the declaration as to the party for whose use the suit was brought, while immaterial and unnecessary, did not vitiate the pleading," and this case was affirmed in 197 Ill. 248.

As well might petitioners set out in their petition that the application was made "for the use" or "general benefit" of the citizens of any other organization, or the persons of any particular locality, and it would be descriptive only, immaterial, but would not vitiate the petition. A reference to the act in question demonstrates that while a corporation may apply for and be granted a license or permit, there might be some difficulties in making out a proper petition and showing, for example, "its place of birth," and its "good moral character," etc., all of which questions are not before the court in this case. Petitioners had the legal right to apply for the license and would be bound by the terms of any license or permit granted, and it is no concern of the defendant the particular class of citizens petitioners desired to serve, provided there was the necessity or desire to dance.

The only further contention made by defendant is that the provisions of the act render it optional with the board of supervisors to grant or refuse the per-

248        Appellate Courts of Illinois.

mit. What we have already said fully covers that phase of the case.

Finding no error in the judgment of the circuit court of Piatt county, that judgment is affirmed.

*Affirmed.*