**Rockford Amusement and Refreshment Company, Appellee, v. Board of Supervisors of Winnebago County, Illinois, et al., Appellants.**

**Gen. No. 7,960.**

Heard in this court at the October term, 1928. Opinion filed February 15, 1929.

WILLIAM D. KNIGHT, State's Attorney, and A. B. LOUISON, Assistant State's Attorney, for appellants.

FRANK E. MAYNARD, for appellee.

MR. JUSTICE JETT delivered the opinion of the court.

Rockford Amusement and Refreshment Company, a corporation, appellee, filed its petition in the circuit court of Winnebago county, against the Board of Supervisors of Winnebago County, Howard W. Short, county clerk of said county, and George Falconer, chairman of the county board of supervisors of said county, for a writ of mandamus to compel the issuance to it of a license to operate a dance hall or road house, under the act of June 30, 1925, Cahill's St. ch. 34, ¶ 195 *et seq.*

In the petition of appellee it is averred that it was organized in February, 1928, under and by virtue of the laws of the State of Illinois, with a capital stock of $20,000, and that Thomas W. Milner is the president and general manager of said company; that before the incorporation of appellee company, Milner was the sole

owner of, and operated, a dance hall and café, called "Trocadero Inn," located at the corner of Charles Street and Broadway, in Gilford Township, in said county.

It is further charged in said petition that on May 11, 1927, Milner applied for a license to operate a dance hall at said place, and that a license so to do was granted by the appellant board of supervisors; that on or about June 18, 1927, the building in which said dance hall was operated was consumed by fire; that immediately after June 18, 1927, Milner began the rebuilding of said dance hall; that as completed said new building conformed to, and complied with all the regulations and conditions prescribed and required by the laws of the State of Illinois, applicable to dance halls; that the said Milner had personally conducted said dance hall since May 11, 1927, until February 21, 1928, when appellee company was incorporated, and that since said time Milner has acted as president and general manager of said company, and has personally conducted, supervised and managed said dance hall, and that during said time no complaint has been made by the appellant board of supervisors in connection therewith.

The petitioner avers the manner in which said business has been conducted; and that on May 11, 1928, said license to said Milner would expire, and that in anticipation thereof, appellee, of which said Milner is principal owner, on April 13, 1928, made application for a renewal of said license or permit, a copy of which said application is made a part of said petition; that upon the presentation of said petition to the said board of supervisors, Milner, as the president and manager, submitted himself to the committee of said board of supervisors, having the matter in charge, for examination as to his moral character, fitness and qualifications, as the managing officer of appellee company; that

no charge was made by said committee against the said Milner, and that a member of said committee stated that they had nothing against the petitioner, or the Trocadero Inn, "but that they had made a rule, and had adopted a policy of refusing all dance hall permits in Winnebago County, and were following said rule and policy."

In said petition it is further averred that appellant board of supervisors "has arbitrarily, capriciously, unreasonably, without cause and without warrant, failed, neglected and refused to perform its duty in this behalf, and have failed, neglected and refused to grant your petitioner a permit or license," praying the issuance of the writ of mandamus, etc.

To the petition, appellants filed a demurrer, which was by the court overruled, and the writ of mandamus was ordered to issue as prayed for by the petitioner.

From the action of the court in granting the prayer of the petitioner, this appeal is, by the appellant, prosecuted. It is the contention of appellant that the petitioner avers many immaterial matters, and that it fails to aver the good, moral character of petitioner, and fails to aver payment or tender of the license fee. The demurrer filed was general and special, and no question was raised in the special demurrer on the ground that said petitioner did not aver payment, or tender of the license fee.

Inasmuch as the demurrer was special, as well as general, and since it did not raise the question of the failure to show payment or tender of the license fee, appellants are not in a position to urge this point for the first time in this court. We have examined the petition and are of the opinion that it avers a substantial compliance with the statute which authorized the issuing of a license as applied for by the petitioner.

The only question, therefore, for our determination is, as to whether appellant board of supervisors had the right to refuse to grant said license. In other

words, whether it was a discretionary matter with the said board of supervisors or whether the word "may" as used in the statute shall be construed as "shall," where the petitioner has complied with the provisions of the statute warranting the issuance of the license as prayed for.

The law under which the application was made, Cahill's St. ch. 34, ¶ 195, substantially provides: "It shall hereafter be unlawful for any person or persons to operate or maintain a public dance hall or road house for the use of the general public outside of the limits of any city, village or incorporated town without first obtaining a license therefor from the county board of the county where the public dance hall is situated, in accordance with the provisions of this Act." By section 2, Cahill's St. ch. 34, ¶ 196, county boards are given power to grant licenses for one year only and to revoke them. Section 3, Cahill's St. ch. 34, ¶ 197, authorizes the continuance of those halls then in operation until the board at its next regular meeting shall issue or refuse to issue a license under the provisions of the act. Section 4, Cahill's St. ch. 34, ¶ 198, provides: "A license to operate or maintain a dance hall may be issued by the county board to any citizen, firm or corporation of the State," who submits a written application for a license as provided in said section 4. The act in question provides for the regulation of public dance halls or road houses used for public dances outside the limits of any city, village or town and does not provide for their prohibition.

In *Grove v. Board of Sup'rs of Piatt Co., Ill.*, 246 Ill. App. 241, the court at pages 244–245, said:

"In section 4 of the act the word 'may' is to be construed as meaning 'shall,' " citing *Canal Com'rs v. Sanitary Dist. of Chicago*, 184 Ill. 597.

In the later case the court at page 604 said: "The words 'may' and 'shall,' when used in a statute, will sometimes be read interchangeably, as will best express

the legislative intent. The word 'may' will be construed to mean 'shall' when the public or third persons have a claim that the power ought to be exercised.''

In *Grove v. Board of Sup'rs of Piatt Co., Ill., supra,* in discussing the statute in question, the court at page 245 further said: ''It therefore follows that the act in question is a valid, mandatory act as to all such persons and corporations who bring themselves within the provisions of the act.''

In view of the fact that the statute is mandatory as to all persons and corporations who bring themselves within its provisions, the appellant supervisors are not in a position to insist that they had the right to exercise a discretion in the granting of the license.

We are of the opinion that while it may be true that the petition sets forth matters not necessary to have been averred, yet the averments of facts, taken as a whole, are sufficient to show the petitioner's right to the relief prayed for.

In view of the state of the record and of the rule announced in *Grove v. Board of Sup'rs of Piatt Co., Ill., supra,* the judgment of the trial court will be affirmed.

*Judgment affirmed.*