JOHN SCHULTHEIS, Plaintiff in Error, *vs.* THE CITY OF CHICAGO *et al.* Defendants in Error.

*Opinion filed April 23, 1909—Rehearing denied June 3, 1909.*

LACHES—*laches is a defense to a mandamus proceeding.* In a *mandamus* proceeding to compel respondents to restore the petitioner's name to the police pay-roll, the defense of *laches* is available notwithstanding the action is at law and not in equity. (*Kenneally* v. *City of Chicago,* 220 Ill. 485, adhered to.)

WRIT OF ERROR to the Superior Court of Cook county; the Hon. W. M. McEWEN, Judge, presiding.

W. P. BLACK, and A. B. CHILCOAT, (C. D. F. SMITH, of counsel,) for plaintiff in error:

The right of petitioner to prosecute this proceeding does not depend upon the discretion of the court. *Peoria* v. *Gordon,* 82 Ill. 435; *People* v. *Weber,* 86 id. 283; *Dement* v. *Rokker,* 126 id. 174; *Supervisors* v. *People,* 159 id. 242; *People* v. *Chicago,* 193 id. 507; *Cleary* v. *Hoobler,* 207 id. 97; *Ottawa* v. *People,* 48 id. 233; *People* v. *Board of Canvassers,* 14 L. R. A. 646.

The petitioner has the legal right to bring his suit and have his summons issued, and when he has shown by his proof, or admission of the pleadings, as in this case, that he has a legal right to the relief which he seeks, the court has no right, in discretion or otherwise, to refuse the relief sought. *People* v. *Chicago,* 193 Ill. 507; *People* v. *Thistlewood,* 103 id. 139; *People* v. *Railroad Co.* 173 id. 594; *People* v. *Chicago,* 193 id. 507.

The time named in the statute as that within which an action of *mandamus* must be commenced after the cause of action accrues is five years. Hurd's Stat. chap. 83, sec. 15; *Peoria County* v. *Gordon,* 82 Ill. 435; *People* v. *Town of Oran,* 121 id. 650; *Barnes* v. *Glide,* 48 Pac. Rep. 804; *People* v. *Supervisors,* 12 Barb. 446; *People* v. *French,* 13 Abb.

N. C. 413; *Prescott* v. *Ganzer,* 34 Iowa, 175; *Coal Co.* v. *Allegheny County,* 59 Md. 256.

No person can be held to be guilty of *laches* in commencing his suit for the enforcement of a personal substantial right if he commences his suit or action within the time prescribed by the statute for the commencement of such suit or action. *People* v. *Supervisors,* 12 Barb. 446; *People* v. *Common Council,* 78 N. Y. 56.

The contention that *mandamus* proceedings are governed by the same rules as have been applied by some courts to proceedings by *certiorari* is not well founded. 4 Ency. of Pl. & Pr. 132, note 2; *Hyslop* v. *Finch,* 99 Ill. 171.

EDWARD J. BRUNDAGE, Corporation Counsel, (CLYDE L. DAY, Assistant Corporation Counsel, of counsel,) for defendants in error:

The writ of *mandamus* is one of the extraordinary remedies provided by law. It is not a writ of right. In the exercise of its discretion the court may refuse to grant the writ, even though the petitioner may have a legal right for which *mandamus* is the proper remedy, if the writ will not operate impartially, or will create disorder and confusion, or will not promote substantial justice. *Kenneally* v. *Chicago,* 220 Ill. 485; *People* v. *Olson,* 215 id. 620; *People* v. *Rock Island,* 215 id. 488; *People* v. *Supervisors,* 185 id. 288; *North* v. *Trustees,* 137 id. 296; *People* v. *Davis,* 93 id. 133; *Cristman* v. *Peck,* 90 id. 150; *People* v. *Ketchum,* 72 id. 205.

In actions of this nature regard should be had to the consequences of the petitioner's delay in applying for the writ, and where public inconvenience will result because of such delay in case the writ were awarded, the court may exercise its discretion and refuse the writ on the ground of *laches. Chicago* v. *Condell,* 224 Ill. 595; *People* v. *Collis,* 39 N. Y. 698; *People* v. *Palmer,* 38 Ill. 651; *People* v. *Common Council,* 52 How. Pr. 346.

The petition for *mandamus* should be dismissed where delay amounting to *laches* is apparent from the face of the petition and is unexplained. The question of *laches* can be raised on general demurrer. *Kenneally* v. *Chicago,* 220 Ill. 485; *Chicago* v. *People,* 210 id. 84.

In considering the question of *laches,* where the original petition does not set up good cause for action, the length of the delay must be determined by the date of the filing of the amended petition. *Kenneally* v. *Chicago,* 220 Ill. 485.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is a petition for *mandamus* filed by John Schultheis in the superior court of Cook county against the city of Chicago and certain of its officers for the purpose of having his name restored to the police pay-roll, from which it was dropped on March 14, 1898. The original petition was filed on March 11, 1903. Afterward an amended petition was filed. Still later an amended and supplemental petition was filed, and that was again amended. To the amended and supplemental petition as finally amended a general demurrer was sustained, whereupon petitioner elected to abide his pleading. Judgment was entered against him, and he has by writ of error brought the case directly to this court on the theory that a determination of the sufficiency of the amended and supplemental petition involves a construction of the constitution of the State.

It is urged in support of the demurrer that it appears from the petition as finally amended that the petitioner was guilty of such *laches* in bringing his action as barred any right that he might otherwise have had, and this contention finds support in the case of *Kenneally* v. *City of Chicago,* 220 Ill. 485, which is squarely in point. Kenneally and Schultheis were both appointed policemen of the city of Chicago in 1888. The names of both were dropped from the police pay-roll on the same day, March 14, 1898. Kenneally filed his original petition for *mandamus* on Janu-

ary 24, 1900. Schultheis filed his original petition for *mandamus* on March 11, 1903. Kenneally filed his amended petition, to which a demurrer was sustained and by which he elected to abide, on December 19, 1904. In the *Kenneally case* we held that the appellant had been guilty of such *laches* as authorized the trial court to sustain the demurrer to the petition, and if that case be followed on the question of *laches* the judgment in the case at bar must be affirmed, as no attempt is made by the petitioner's pleading to show any excuse for the delay. Schultheis is represented by the same counsel who represented Kenneally, and they argue that the earlier case is wrong. We have upon their insistence again examined the questions involved and deem it necessary to notice in this opinion but one criticism of the former case. It is asserted with great vigor that *laches* cannot be relied upon as a defense in any suit at law, and it is said, to quote the language of counsel, "*laches* is a defense which may be interposed in a court of equity only."

This is a mistake. Cases are common in this court in which *laches* has been regarded as affording a defense in proceedings in *quo warranto* and in proceedings in *certiorari,* both of which are at law. *Clark* v. *City of Chicago,* 233 Ill. 113; *City of Chicago* v. *Condell,* 224 id. 595; *People* v. *Hanker,* 197 id. 409; *Trustees of Schools* v. *School Directors,* 88 id. 100; *People* v. *Schnepp,* 179 id. 305.

In the case cited from the 233d we held that a member of the Chicago police force claiming to have been wrongfully removed would be barred by *laches* from his right to have the record of the civil service commissioners reviewed by *certiorari* if he delayed more than six months in beginning his suit unless the delay was satisfactorily explained by the petition for the writ. We are satisfied that we should adhere to the *Kenneally case.*

The judgment will be affirmed.    *Judgment affirmed.*