CHARLES T. PRESTON, Plaintiff in Error, *vs.* THE CITY OF CHICAGO *et al.* Defendants in Error.

*Opinion filed June 29, 1910—Rehearing denied October 12, 1910.*

This case is controlled by the decisions in *Stott* v. *City of Chicago,* 205 Ill. 281, *McNeill* v. *City of Chicago,* 212 id. 481, *Kenneally* v. *City of Chicago,* 220 id. 485, *People* v. *City of Chicago,* 242 id. 561, *Bullis* v. *City of Chicago,* 235 id. 472, *Moon* v. *Mayor,* 214 id. 40, *Donahue* v. *County of Will,* 100 id. 94, and *Schultheis* v. *City of Chicago,* 240 id. 167.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. WILLARD M. McEWEN, Judge, presiding.

A. B. CHILCOAT, for plaintiff in error.

EDWARD J. BRUNDAGE, Corporation Counsel, and ROBERT R. JAMPOLIS, for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is a petition for a writ of *mandamus,* filed by the plaintiff in error in the superior court of Cook county against defendants in error for the purpose of having his name restored to the police pay-roll, from which it was dropped March 14, 1898. The petition avers the petitioner was appointed police patrolman by the superintendent of police of the city of Chicago on June 1, 1886, took the oath of office, entered upon the discharge of his duties and continued in the discharge thereof until March 14, 1898,

when, by order of the superintendent of police, his name was dropped from the pay-roll of police patrolmen. The original petition was filed March 11, 1903, five years, lacking three days, after petitioner's name was dropped from the pay-roll. A general demurrer to the petition was filed by defendants. No other steps appear to have been taken in the case until December 2, 1908, when petitioner filed an amended petition. The demurrer to the original petition was upon motion of the defendants ordered by the court to stand as a demurrer to the amended petition. The demurrer was sustained and judgment rendered dismissing the petition and against petitioner for costs. A writ of error was sued out of this court to review the judgment of the superior court, on the theory that it involves a construction of the State and Federal constitutions.

The original petition is not in the record. Counsel for petitioner says the original petition was similar to those passed upon by this court in other cases brought by other parties whose names had been dropped from the pay-roll at the same time as that of petitioner, and by the amended petition it was sought to avoid objections pointed out in the decisions of this court to the petitions in those cases. While the amended petition is more lengthy than those in the cases heretofore brought before us and some of the objections made to those petitions are obviated by the amended petition now before us, this petition raises no question that has not heretofore been decided by this court adversely to petitioner's contention. We shall not, therefore, take up a consideration of the various averments of the petition nor again enter upon a discussion of questions raised thereby. The material and vital questions raised on this record are:

First, the petitioner being in office as a police patrolman at the time of the classification of offices by the civil service commission, after the Civil Service act went into effect became thereby an officer of the classified service and

entitled to the protection against removal conferred by that act. This was decided to the contrary in *Stott* v. *City of Chicago,* 205 Ill. 281, *McNeill* v. *City of Chicago,* 212 id. 481, *Kenneally* v. *City of Chicago,* 220 id. 485, and *People* v. *City of Chicago,* 242 id. 561.

Second, that the office of police patrolman in the police department of the city of Chicago was created by the legislature in enacting the charter of the city and subsequent amendments thereto, and that the office was not abolished or affected by the adoption by the city of Chicago of the Cities and Villages act in 1875. The law was held otherwise in *Bullis* v. *City of Chicago,* 235 Ill. 472, *People* v. *City of Chicago, supra,* and *Moon* v. *Mayor,* 214 id. 40.

Third, that the removal of petitioner without notice of written charges preferred against him and being afforded an opportunity to be heard was a denial to him of due process of law, in violation of section 2 of article 2 of the constitution of the State of Illinois and section 1 of the fourteenth amendment to the constitution of the United States. This question was passed upon and decided contrary to petitioner's contention in *People* v. *City of Chicago, supra, McNeill* v. *City of Chicago, supra, Kenneally* v. *City of Chicago, supra,* and *Donahue* v. *County of Will,* 100 Ill. 94.

Fourth, that the writ of *mandamus* is a writ of right; that the time limited for commencing the action is five years; that nothing short of that time can be urged or considered against the right to maintain it; that a defense based upon a lapse of time must be pleaded and that *laches* is not applicable. We held otherwise in *Kenneally* v. *City of Chicago, supra,* and *Schultheis* v. *City of Chicago,* 240 Ill. 167. We could not reverse the judgment in this case without overruling our decisions in those cases, and we are not convinced that we would be justified by the law in overruling them.

The judgment of the superior court is affirmed.

*Judgment affirmed.*