### John R. O'Neill, Appellee, v. City of Chicago, Appellant.

### Gen. No. 17,644.

MANDAMUS—*delay precluding granting writ.* A delay of eighteen years by a police patrolman claiming to have been illegally and wrongfully discharged before filing a petition for mandamus against a city to compel his reinstatement is such laches as will preclude granting the writ, no justification for the delay nor any waiver of rights by any authorized officer on behalf of the city being set forth.

Mandamus. Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded with directions. Opinion filed December 3, 1912.

WILLIAM H. SEXTON, for appellant; CHARLES M. HAFT, of counsel.

A. D. GASH, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

This appeal is from judgment in mandamus, directing the appellant, City of Chicago, to place the name of John R. O'Neill, appellee, upon the civil service list of the city of Chicago and upon the roster of city civil service employees as patrolman of the city police department, with the same right to continue in the performance thereof and receive salary therefor as he had prior to his unlawful discharge therefrom on October 25th, 1893.

The petitioner filed his petition on October 11, 1911, setting forth that the city of Chicago for more than twenty years has been a municipal corporation under the laws of the state of Illinois, and that the legislature of Illinois in 1863 created the offices of two hundred police patrolmen, and that in 1867 a law was passed providing that the number might be increased by the

city council from time to time as they might see fit; that on the 5th of May, 1867, the city council, by ordinance, increased the number of police patrolmen by adding fifty thereto; that on July 27, 1868, August 23, 1869, August 15, 1870, November 18, 1872, November 30, 1872, and November 24, 1884, the city council by ordinance duly passed increased the number of patrolmen; that by virtue of said ordinances so passed by the city council, the petitioner became on the 22nd day of July, 1887, a police patrolman of the said city of Chicago, and immediately took the oath of office prescribed for such patrolmen, and entered upon his official duties, and that he still is a police patrolman of said city, duly appointed and qualified, and duly entitled to all the rights and privileges of said office; that during all the time that the petitioner was employed as a patrolman he never violated any of the rules prescribed; that on October 26, 1893, petitioner read in one of the daily newspapers that he had been discharged from the police force, and that the charge upon which he was discharged was being absent from duty without permission; that said charges were preferred during the month of October, 1893, but that the petitioner did not learn of said charges until after he had been discharged as patrolman; that the charges against him were not true or based upon fact; that he had never been called before the trial police board; that his salary at the time of his discharge was $1,000 per year; that the decision of the board, finding the petitioner guilty of the charges against him, had no legal effect and was void; that there was no evidence adduced before the trial board upon which a finding could be properly based; that the petitioner did not have a trial in accordance with the rules and regulations of the police department; that any hearing had was an *ex parte* hearing and without notice to petitioner and, therefore, illegal and void; that the order removing him from the police force was entered on the 25th day of October, 1893, and was illegal and void,

and that petitioner has received no salary from the city of Chicago since that time; that the charge made against petitioner did not state facts sufficient to constitute an offense of any kind under the laws of this state or under the laws governing the police department of the city of Chicago, and that the position held by the petitioner since the wrongful and pretended discharge was entered has not been held by any other person; that petitioner was not guilty of the charge made; that the superintendent of police and the three inspectors composing said trial board had no authority to sit as a trial board to hear the charge against the petitioner and to make the finding or enter the discharge; that the petitioner has made demand upon the city that his name be restored to the roster of patrolmen and to the police patrolmen pay-roll, but the city has refused to comply with the petitioner's reasonable and lawful demand, and still does refuse so to do.

The petitioner prays that a writ of mandamus may be issued, commanding the city to forthwith place the name of the petitioner upon the roster of police patrolman and to the police patrolmen pay-roll, to the end that petitioner may at once enter upon the performance of his duties as police patrolman with the same right to continue in the performance thereof, and receive the salary therefor, as if he had continued in the performance thereof and receive salary therefor, subject to the laws, rules and ordinances pertaining to the police patrolmen of the city of Chicago.

To this petition the city of Chicago filed a demurrer. The court overruled the demurrer to the petition and the respondents having elected to stand on the demurrer, the court ordered the writ of mandamus to issue as prayed.

The petition alleges that petitioner was discharged from the police force on October 25, 1893, which was eighteen years before the petition for reinstatement was filed, and in our opinion the petitioner's action

for a writ of mandamus is barred by his laches in filing his petition. Preston v. City of Chicago, 246 Ill. 26; Kenneally v. City of Chicago, 220 Ill. 485; Schultheis v. City of Chicago, 240 Ill. 167; Clark v. City of Chicago, 233 Ill. 113; City of Chicago v. Condell, 224 Ill. 595. Upon the authorities cited, we think it so clear that anything in the nature of an argument would be wholly unnecessary that the petitioner is guilty of laches, and that his petition should not be entertained by the court. No justification for the delay in presenting his petition is attempted to be set forth in the petition; no waiver of any rights on the part of the city by any authorized officer on behalf of the city is shown, and upon this ground, if for no other, we think the demurrer to the petition should have been sustained. There are many other reasons why the demurrer should have been sustained. The court erred in overruling the demurrer to the petition and in entering judgment. The demurrer should have been sustained. The judgment is reversed and the cause is remanded with directions to the Circuit Court to sustain the demurrer and dismiss the petition.

*Reversed and remanded with directions.*