## George W. McGowan, Appellee, v. City of Chicago, Appellant.

### Gen. No. 17,645.

MANDAMUS—*reinstatement of police sergeant.* Where a petition
for a writ of mandamus to be restored to the rank of police ser-
geant is filed ten years after reduction from such rank, laches bars
right to the writ, and indefinite promises of reinstatement and
threats of discharge in case of suit are not sufficient excuse.

Appeal from the Circuit Court of Cook county; the Hon. ADELOR
J. PETIT, Judge, presiding. Heard in the Branch Appellate Court
at the October term, 1911. Reversed and remanded with directions.
Opinion filed March 6, 1913.

WILLIAM H. SEXTON, for appellant; CHARLES M.
HAFT, of counsel.

R. G. DICUS, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opin-
ion of the court.

On March 31, 1908, appellee filed his petition in the
Circuit Court of Cook county for a writ of mandamus
to compel appellant "to forthwith place the name of
your petitioner on the roster of police officers as ser-
geant, and upon the police payroll of said City of Chi-
cago as sergeant, to the end that he may at once enter
upon the performance of his duties as sergeant, with
the same right to continue in the performance thereof
and receive salary therefor as he had to continue in
the performance thereof and receive salary therefor,
prior to his unlawful reduction in rank on March 18,
1898, subject to the laws, rules and ordinances per-
taining to sergeants of police of the City of Chicago."

The petition alleged that the City of Chicago had
been a municipal corporation for more than twenty
years, and that the legislature of Illinois in 1863 cre-
ated the offices of sergeants of police and patrolmen

of the City of Chicago; that on April 18, 1881, the City, by ordinance, created the department of police, which embraces the superintendent of police, and such number of lieutenants, sergeants and patrolmen as have been appointed or may be prescribed by ordinance; that for every year thereafter the City has, by its annual appropriation bill, provided by ordinance for sixty sergeants of police; that on December 15, 1884, petitioner was appointed a police patrolman, and on June 2, 1895, was appointed police sergeant by the superintendent of police, by and with the consent of the mayor and city council, and remained such sergeant until March 18, 1898; that during all said time there was, and still is, in force an ordinance of said City providing that the superintendent of police shall have power to remove from the police force any police patrolman, and, with the concurrence of the mayor, he may remove or reduce in rank any officer or member of said department; that on March 18, 1898, the superintendent of police, without the concurrence of the mayor, reduced or pretended to reduce in rank petitioner from the rank of sergeant to the rank of patrolman; that said reduction in rank was illegal and void, because of the fact that it was made without the concurrence of the mayor; that thereafter petitioner made demand upon the City, and upon the superintendent of police and the mayor, to restore his name to the roster of police officers as sergeant, to the end that he might perform the duties of sergeant; that thereupon petitioner was notified by said superintendent that if he persisted in his demand to be reinstated as sergeant, and brought suit for that purpose, he, said superintendent, would discharge petitioner from the police force as a patrolman, which threat petitioner believed said superintendent would carry out; that shortly thereafter petitioner again asked to be reinstated as sergeant and said superintendent and the mayor told petitioner to delay awhile and when the smoke of battle had blown away petitioner would be

reinstated as sergeant, but that if petitioner insisted upon his reinstatement, or brought suit to be reinstated he would be discharged from the police force entirely; that on account of these threats and statements, made by said superintendent and the mayor, petitioner had delayed filing a mandamus suit for his reinstatement; that petitioner has made demand upon the City that his name be restored to the roster of police officers as sergeant, and to the police pay roll as sergeant, but that the City has refused and still refuses to comply with his reasonable and lawful demand.

To this petition the City filed a demurrer, which was overruled, and on April 12, 1911, the court ordered that a writ of mandamus issue, as prayed. The City prayed and perfected an appeal to this court. On December 12, 1911, appellee filed in this court a verified plea of release of errors, to which plea the City filed a replication, and to which replication appellee demurred. By order of this court (see opinion filed January 23, 1913) appellee's demurrer to the replication of the City was carried back to the plea of release of errors and said plea adjudged insufficient. Leave was given appellee, if he so desired, to join in error and file his brief and argument on or before February 5, 1913. Appellee filed a joinder in error on February 3, 1913, but did not file any brief and argument, and the case was taken on the brief of appellant on February 13, 1913.

We are of the opinion that the demurrer of the City to the petition should have been sustained. Several reasons might be given for this conclusion but we shall mention but one. The petition discloses that petitioner was reduced in rank from the position of sergeant to that of patrolman on March 18, 1898, but the petition was not filed until March 31, 1908—a period of more than ten years, and we think that petitioner was guilty of such laches in filing the petition as bars his right to the writ. Kenneally v. City of Chicago,

220 Ill. 485; Schultheis v. City of Chicago, 240 Ill. 167; Preston v. City of Chicago, 246 Ill. 26; O'Neill v. City of Chicago, 175 Ill. App. 435. The petitioner seeks to excuse this long delay in filing his petition by alleging that shortly after his said reduction in rank he made two demands upon the mayor and said superintendent for reinstatement as sergeant, the second demand following shortly after the first, and that an indefinite promise of reinstatement was once made and certain threats of discharge from the force were at both times made. The contention seemingly is that the alleged promise was such as warranted the petitioner in relying upon the same and that the threats amounted to duress. In our opinion the alleged promise was not one upon which petitioner could rely and does not excuse the long delay in filing the petition. City of Chicago v. Fraser, 60 Ill. App. 404. Nor were the alleged threats a sufficient excuse. Eberstein v. Willets, 134 Ill. 101; Hintz v. Hintz, 222 Ill. 248; Kerting v. Hilton, 152 Ill. 658, 663; Rendleman v. Rendleman, 156 Ill. 568.

The judgment is reversed and the cause is remanded with directions to the Circuit Court to sustain the demurrer.

*Reversed and remanded with directions.*