(No. 13809.—Reversed and remanded.)
JAMES A. MURPHY, Appellee, vs. THE CITY OF PARK RIDGE
et al. Appellants.

*Opinion filed April 21, 1921—Rehearing denied June 10, 1921.*

1. MANDAMUS—*when right to assign error is not waived by pleading over after demurrer.* The general rule that a party who pleads over after his demurrer is overruled waives the question raised by the demurrer will not be applied in a proceeding for *mandamus* where the petition fails to make the necessary allegation of a demand and refusal, as the peremptory writ of *mandamus* is not a writ of right and the petition must by averment and proof show a clear right to the writ, and the question will be preserved for review where the answer avers that no demand was made.

2. SAME—*what determines whether demand and refusal are necessary.* Demand and refusal are not necessary to entitle a petitioner to a writ of *mandamus* to compel the performance of a public duty which involves the public interest, but where the act sought to be coerced is a mere private right the petitioner should make demand upon the defendant to perform the particular act or duty and the petition should allege the demand and a refusal.

3. SAME—*when petition to compel city to collect special assessment should aver demand and refusal.* Though the law imposes a duty upon municipal officers to take proper steps to provide means for paying the debts of the city, a petition for *mandamus* to compel the collection of a special assessment must aver a demand and refusal where the failure to perform the duty affects only the petitioner, who is the holder of bonds issued in anticipation of the assessment.

4. SAME—*relator is considered the party in interest where private right is sought to be enforced.* Where *mandamus* is resorted to to enforce a private right the person interested in enforcing the right is the real party in interest and may file the petition in his own name, and if he files his petition in the name of the People on his relation he is still considered the party in interest.

5. LIMITATIONS—*ten-year statute does not apply to proceeding for mandamus to compel city to collect special assessment.* The ten-year Statute of Limitations applies only to actions on written evidences of indebtedness and does not apply to a proceeding by a bondholder for a writ of *mandamus* to compel a city to collect assessments levied for a local improvement and to levy and collect a tax to pay the city's portion of the assessment as public benefits, but the only limitation applicable to such proceeding, if any, is the five-year statute.

6. SAME—*plea of ten-year statute does not include the five-year limitation.* Where the defendant sets up the Statute of Limitations as a defense he is required to plead the statute with certainty so that the court may know what statute is relied on, and a defendant cannot, by pleading the ten-year statute, take advantage of the five-year limitation in case the ten-year statute does not apply.

APPEAL from the First Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding.

F. WILLIAM KRAFT, for appellants.

GEORGE A. MASON, (HENRY E. MASON, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This action was begun by plaintiff, James A. Murphy, filing a petition in the circuit court of Cook county praying that a writ of *mandamus* be awarded against the defendants, the city of Park Ridge, its mayor, city clerk and six aldermen, commanding them to at once proceed to cause to be collected certain unpaid installments of a special assessment against private property, aggregating $3766.98, assessed and confirmed in special assessment No. 29 in the village (now city) of Park Ridge, and to include in the appropriation bills and tax levy ordinances for each of the years 1919, 1920 and 1921 an item of $725.26, being a third of the several sums, with interest thereon, levied, assessed and confirmed against the village in said assessment proceeding.

The assessment was spread and confirmed under a petition and ordinance for a local improvement to be made, to be paid for in part by special assessment against private property and in part by general taxation. The proceedings were had and the assessment confirmed in 1894. The special assessment was divided into seven installments, the first

payable from and after the confirmation and the remaining installments payable annually thereafter, with interest at six per cent. Bonds were issued to anticipate the collection of the second and succeeding installments. The first five installments were paid. The sixth and seventh installments, according to the petition, have never been paid, and the petitioner alleges he is the owner, by assignment, of six bonds for $500 each and two bonds for $100 each, all dated September 20, 1894, drawing six per cent interest per annum, and all are unpaid. The petition also alleges that the plaintiff is the owner of a certain warrant, No. 21 of installment No. 6, issued by said village September 24, 1894, for $213.19; that the village has failed and neglected to collect certain assessments, amounting to $3766.98, exclusive of interest, levied against private property in said special assessment proceeding, by reason whereof petitioner has not been paid the amounts due him on said bonds and warrant.

Defendants demurred to the petition. The demurrer was overruled and they answered. The answer was divided into paragraphs or pleas numbered from 1 to 12. The first and second paragraphs were admissions of certain formal allegations of the petition, and each of the other paragraphs sets up different defenses to the awarding of the writ. Paragraph 4 denied the assessments and public benefits were still due and unpaid. Paragraph 5 denied the truth of certain allegations in paragraph 4 of the petition. Plaintiff filed replications to the fourth and fifth paragraphs and demurred to the remaining paragraphs of the answer. The demurrer was sustained and leave granted defendants to amend within ten days. They filed an amendment to paragraphs 10 and 12 of the answer but no amendment was made to the other paragraphs. A demurrer was sustained to amended paragraphs 10 and 12 and leave again given to amend. The amendment then made was of paragraph 12, only, and on demurrer being sustained to that paragraph

as amended, defendants declined to answer further. The case was then heard by a jury on the issues joined on the fourth and fifth paragraphs of the answer. Plaintiff made proof that he was the owner of the bonds and warrant mentioned in the petition and that they were still due and unpaid. Defendants offered no evidence. The court directed a verdict for plaintiff, rendered judgment thereon awarding the writ, and defendants appealed to the Appellate Court for the First District. Pending the appeal in the Appellate Court the death of Murphy was suggested, and the First Trust and Savings Bank, his executor, was substituted as appellee. The Appellate Court affirmed the judgment and granted a certificate of importance and an appeal to this court.

Many questions are argued in the briefs on both sides, but in our view it will only be necessary to discuss two of them.

By the eleventh paragraph of the answer defendants set up as a defense to the issuing of the writ that no demand for the performance of the alleged duties sought to be enforced was made on defendants prior to the commencement of the suit. Upon the sustaining of the demurrer to that paragraph it was not amended. If a demand and refusal were necessary to authorize the filing of the petition it should properly have been alleged, and the sufficiency of the petition was raised by the demurrer to it.

It is contended by plaintiff that if demand and refusal were necessary, defendants, by answering after their demurrer was overruled, waived the right to assign error on the ruling of the court upon that question. The rule is, that where a party desires to have a review of the order of a trial court overruling a demurrer he must abide by the demurrer, and if he pleads over he waives the demurrer. (*Heimberger* v. *Elliot Switch Co.* 245 Ill. 448.) We are of opinion that rule cannot properly be invoked on that question in this case under the state of the record. The

peremptory writ of *mandamus* is not a writ of right. It will not be issued in a doubtful case. The petitioner must by averment and proof show a clear right to the writ. (*People* v. *City Council of Streator,* 258 Ill. 273; *People* v. *Chicago and Eastern Illinois Railroad Co.* 262 id. 492; *Chicago and Eastern Illinois Railroad Co.* v. *People,* 222 id. 396; *People* v. *Blair,* 292 id. 139; *Duncan Townsite Co.* v. *Lane,* 245 U. S. 308.) Whether demand and refusal to perform were necessary to be averred and proved depends upon whether the act sought to be coerced involved the public interest or was a mere private right. The petitioner takes the position that by the Local Improvement act it is made the duty of defendants to enforce the collection of the special assessment against private property and to levy and collect the assessment for public benefits for the payment of the bonds; that this is a continuing duty and only public rights are involved.

In *People* v. *Town of Oran,* 121 Ill. 650, a petition for *mandamus* was filed at the relation of the town of Atlanta to compel the supervisor and assessor of the town of Oran to meet with the supervisor and assessor of the town of Atlanta to agree on the amount of bonded indebtedness the town of Oran should assume on account of territory detached from the town of Atlanta and annexed to Oran. The five-year Statute of Limitations was pleaded, and to avoid that defense it was contended that only public rights were involved and the statute could not be pleaded. The court said: "No public rights are involved in this case. The controversy relates solely to two townships. The real question is whether the town of Atlanta shall recover money from the town of Oran. This matter does not concern the State or the people of the State. We fail to see how the public can be interested in this transaction to any greater extent than they would be in an action which one citizen might bring against another to recover money claimed to be due on a contract. The public will neither lose nor gain

if the town of Atlanta is required to pay all of its indebtedness, nor will it affect the public if the town of Oran is required to contribute. No public interest being involved the Statute of Limitations might properly be pleaded."

In *People* v. *Village of Hyde Park*, 117 Ill. 462, it was sought by *mandamus* to compel the municipal authorities to pay for land of the relators alleged to have been condemned for a street. The ordinance provided that it should be paid for wholly by special assessment. The village took possession of the land with the consent of the owners. Afterwards it passed an ordinance purporting to abandon the opening of the street except as to such parts of it as possession had been taken of and had become a public highway. The court permitted the proceedings to be dismissed except as to relators' lands and the judgments awarding compensation for them. It was not alleged that the village authorities had ever refused to proceed with the special assessment to pay for the lands, and the court held that *mandamus* would not lie to compel a party to do a thing it was never asked to do.

In *People* v. *Town of Mount Morris*, 145 Ill. 427, it was sought to *mandamus* the proper officers to audit and allow bonds issued by the town and owned by relators and cause a tax to be levied and extended for their payment. Defendants answered that the bonds had never been presented for audit and allowance. It was replied that the relators had demanded payment of the bonds. The court said the rule was universal that the petition must set forth all the material facts on which petitioner relies showing that it is the duty of defendants to perform the act. The writ was denied because the petition did not show the presentation of the bonds to the board of town auditors and their refusal to audit them. The court said, without those averments the petition was defective in substance and insufficient.

The general rule is, that before applying for the writ of *mandamus* demand should be made on defendant to per-

form the particular act or duty and a refusal to comply therewith, but that rule does not apply where the duty is a public one, affecting the public at large. (*People* v. *Green,* 281 Ill. 52.) If the act here sought to be coerced is one affecting the public generally, then the general rule is not applicable. The fact that the law imposes the duty upon municipal officers to take proper steps to provide means for paying its debts is not, alone, sufficient to take the case out of the general rule. So far as this record shows, the failure to perform that duty affects only the petitioner. The public is not interested in the collection of his private claim. That the writ is sought to enforce a private right and that a demand was necessary before filing the petition appears to us to be sustained by *People* v. *Town of Oran, supra, People* v. *Village of Hyde Park, supra,* and *People* v. *Town of Mount Morris, supra,* and seems to have been recognized by the petitioner, who filed the petition in his individual name and not in the name of the People on his relation. When *mandamus* is resorted to to enforce a private right, the person interested in enforcing the right is the real party in interest and may file the petition in his own name. If he, as is permissible, files his petition in the name of the People on his relation he is still considered the party in interest, but where the object is the enforcement of a public right the People are regarded as the real party and the relator is not required to show he has any legal interest in the result of the suit. (*People* v. *Czaszewicz,* 295 Ill. 11.) We are of opinion it was necessary to aver and prove a demand and refusal. In this case it was neither averred in the petition nor proven on the trial. The eleventh paragraph of the answer averred as a reason why the writ should not issue that no demand for the performance of the duties sought to be enforced had ever been made on defendants or either of them. Such an answer was held good in *People* v. *Town of Mount Morris, supra,* and that without it the petition was defective in substance. If it

was claimed a demand had been made, the question should have been made an issue of fact by replication and proved on the trial. We think the question was preserved for review by the record. If it was necessary to be averred in the petition it was necessary to be proved, and neither was done in this case.

The petitioner contends it sufficiently appears that a demand would have been futile, and in such cases the law does not require a demand. We do not think such an inference warranted by the allegations of the petition. The substance of the averments is, that the bonds and warrant held by petitioner are due and no steps had been taken to collect the remaining installments of the special assessment and to levy and collect a fund to pay the public benefits assessed against the municipality. We may also observe that the eleventh paragraph of the answer, to which the court sustained a demurrer, set up that in 1899, when the county collector applied for judgment against delinquent property for the assessment, including property of petitioner, he filed written objections that the judgment confirming the assessment was void, and the county court sustained the objections, which judgment has never been set aside or reversed, and ever since the officers of the municipality and all property owners have treated the assessment as void and unenforcible. If petitioner was in any way responsible for the failure of the proper officers to act he should have made demand before filing his petition; but, independently of that question, the petition shows nothing more than a failure or neglect to act and not that a demand for action would have been useless and of no avail. Petitioner having by his silence acquiesced in the failure to collect the assessment for so great a number of years, it was required that he make demand.

After the demurrer to the petition was overruled, defendants by paragraph 7 of the answer pleaded *laches* as

a defense, and by paragraph 8 of the ten-year Statute of Limitations, to each of which the court sustained a demurrer. We are of opinion the plea of *laches* was not good. The ten-year Statute of Limitations applies to actions on written evidences of indebtedness. All actions mentioned in section 15, and all civil actions not otherwise provided for, are barred in five years after the cause of action accrues. This was not a suit on the bonds and warrant but was an action to compel defendants to proceed to collect the assessments already levied and to levy and collect a tax to pay the city's portion assessed as public benefits. The only Statute of Limitations, if any was applicable, was the five-year limitation. We are of opinion the court properly sustained the demurrer to the plea of the ten-year statute.

But it is insisted that five years were embraced in the plea of the ten-year statute; that it was unnecessary to set out the statute *in hæc verba,* and the right to rely on the five-year statute was not lost by pleading the ten-year statute. A defendant is required to plead with certainty the statute relied on. The court is entitled to know what statute he relies on, so that it may rule on the defense interposed. A defendant cannot interpose one defense and rely on an entirely different defense. In the state of this record the question whether the five-year limitation statute could have been pleaded is not preserved for review, as after the demurrer was overruled only the ten-year statute was pleaded, and to that the court properly sustained the demurrer.

For the reasons indicated the judgment is reversed and the cause remanded.      *Reversed and remanded.*