People of State of Illinois ex rel. J. B. Stubblefield, Appellant, v. City of West Frankfort et al., Appellees.

### Term No. 50F14.

Heard in this court at the February term, 1950. Opinion filed April 28, 1950. Rehearing denied May 24, 1950. Released for publication May 29, 1950.

HARRY JAMERSON, of Memphis, Tennessee, and DAVID A. WARFORD, of Marion, for appellant.

FRANK P. HANAGAN, City Attorney, of Benton, and FRANK E. TROBAUGH, of West Frankfort, for appellees; BERENICE A. HANAGAN, of Benton, STEPHEN E. BRONDOS and WM. E. AULGUR, both of West Frankfort, of counsel.

MR. PRESIDING JUSTICE BARDENS delivered the opinion of the court.

The relator filed his petition for mandamus in the circuit court of Franklin county on October 17, 1947, against the City of West Frankfort, Illinois, and other individual officers of the city seeking to compel the defendants to institute tax foreclosure proceedings against certain described lands of said city to foreclose the lien of special assessments. The complaint set up that the special assessments were levied against the properties in pursuance to an ordinance of the city passed on December 6, 1926, and that bonds were issued against these special assessments on August 20, 1927. The assessments and the bonds were payable in ten annual instalments, the last assessment having become due and payable on September 1, 1937. The relator also alleged that he was the owner and holder of all of the outstanding unpaid bonds against said assessment. The defendants, on October 27, 1947, filed a motion to dismiss and thereafter on June 29, 1948, the relator amended his petition by enlarging the prayer of the same and asking in the alternative for foreclosure of the liens or that the defendants be required to sell the properties for the purpose of collecting delinquent special assessments or that the city and its officials proceed in any other manner available under the statutes of the State of Illinois for the collection of delinquent assessments. On December 1, 1948, relator filed another amendment which alleged that the relator had on several occasions made demands upon the officers of the city to take action to collect the delinquent assessments. The lower court heard the arguments on the motion to dismiss the petition on October 13, 1949, and on November 8 sustained the motion to dismiss on the grounds that the action was barred by the five-year statute of limitations. On November 27, 1948, a supplemental motion to dismiss was filed. Thereafter on December 12, 1949, the relator filed a fourth amendment to his petition and the motion of the de-

445

fendants to dismiss was ordered to stand as against the amended petition. The court again sustained the motion to dismiss, the relator elected to stand upon his petition as amended, and judgment of dismissal of the case was entered by the lower court.

The motion to dismiss the petition contained fourteen grounds numbered one to six, inclusive, and eight to fifteen, inclusive, and the supplemental motion, one ground. The first, third, fourth, thirteenth, fourteenth, and fifteenth grounds set out in the motion were general and did not comply with the Practice Act [Ill. Rev. Stat. 1949, ch. 110, par. 125 *et seq.;* Jones Ill. Stats. Ann. 104.001 *et seq.*] in pointing out the specific defects. The second, fifth, sixth, and ninth paragraphs of the original motion and the first grounds of the supplemental motion were obviated by amendment of the complaint.

The eighth ground set out in the motion set forth that the complaint was founded on a written instrument and a copy of the written instrument was not attached to the complaint. This contention has been answered adversely to the defendants in the case of *Murphy v. City of Park Ridge,* 298 Ill. 66, which held that an action of this type is not an action on the bonds.

The twelfth ground set up in the motion states that a court will not direct a course of conduct to be pursued in regard to the performance of duties by persons who may be officers of a municipality as such functions are purely governmental. The complaint as amended does not ask the court to direct the officers in the exercise of their governmental functions but does seek to compel them to proceed in any of the ways open to the officers under the statute to attempt to collect the delinquent assessments. *People ex rel. Jones v. Webb,* 256 Ill. 364.

Paragraph 11 of the motion pleads the ten-year statute of limitations. The Supreme Court in the case

of *Murphy v. City of Park Ridge, supra,* has held that this statute is not applicable to a mandamus case.

The one remaining contention of defendants as set forth in their paragraph 10 of the motion is that the action is barred by the five-year statute of limitations. The court allowed the motion on this ground, and in this we think the court was in error.

█ The statute of limitations is not applicable to an action for mandamus. Section 15 of the Limitations Act, being ch. 83, par. 16, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 107.275], provides that "Actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within five years next after the case of action accrued." The Limitations Act, starting with section 12, pertains to what is designated "Personal Actions." Sections 13, 14, 15, and 16 all pertain to actions which have to do with the recovery of money or the recovery of possession of personal property. It was not intended by the legislature that any other type of actions were to be covered by these sections. Thus the action of mandamus as well as the action of quo warranto have no applicable statute of limitations that applies to them. In the case of *Murphy v. City of Park Ridge, supra,* the Supreme Court said in treating of the Statute of Limitations as applied to an action for mandamus, "The only statute of limitations, if any was applicable, was the five year limitation." In the case of *People v. Commerical Union Fire Ins. Co.,* 322 Ill. 326, a petition for writ of mandamus was filed and defendant argued the action was barred by the statute of limitations. On page 331 the court used the following language: "It is argued that the Statute of Limitations has run. It will, however, be noted that this is a con-

siderration of the sufficiency of the petition on demurrer. The Statute of Limitations can be relied upon only by plea. Moreover, this action, as we have already intimated, *is not for the collection of money but to procure the filing of a report of premiums.* The Statute of Limitations, therefore, has no place in the discussion of this case." (Emphasis ours.) Our research has revealed no Supreme Court case wherein that court has ever applied a statute of limitations to the action of mandamus.

On the other hand, it is well settled that the action of mandamus, if not sought for the public benefit, is an action that may be barred by laches. *Preston v. City of Chicago,* 246 Ill. 26, and cases cited; *People v. City of Chicago,* 382 Ill. 500; *Schultheis v. City of Chicago,* 240 Ill. 167. Under section 43 of the Civil Practice Act, ch. 110, par. 167 [Jones Ill. Stats. Ann. 104.043], laches is designated as an affirmative defense. In the event the complaint clearly revealed that the plaintiff was guilty of laches, it is perhaps correct to say that such a complaint might be stricken upon motion. *Preston v. City of Chicago,* 246 Ill. 26. Laches, however, implies some conduct in the nature of neglect or lapse of time which together with other circumstances causes prejudice to the adverse party. *La Cost v. Mailloux,* 401 Ill. 283; *Curtis v. Curtis,* 398 Ill. 442; *People v. City of Peoria,* 374 Ill. 313.

The complaint in the instant case does not reveal on its face any prejudice to the defendant by inaction over the period of years specified. Thus, if there is laches which should bar the right of the plaintiff, it is a matter that should be specifically pleaded by the defendant.

For the reasons stated the judgment of the trial court is reversed and the case is remanded to the lower court with directions to overrule the motion to dismiss.

CULBERTSON and SCHEINEMAN, JJ., concur.